■ In the Matter of the Claim of DOMINICK FIORENTINO, Respondent, against TOM CANNITO, Doing Business as RIDGEWOOD CARTING Co., Respondent, and STATE INSURANCE FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by an insurance carrier alone from an award of compensation for disability as made by the Workmen's Compensation Board. Appellant does not dispute the finding of the board as to accident, notice, causal relation or disability. It contends only that there was no contract of compensation insurance covering the employer in effect on the date when claimant was injured, which was May 28, 1954. On January 13, 1954 the appellant State Insurance Fund issued a policy of compensation insurance effective from January 20, 1954 to January 18, 1955, which covered the employer's business. The full premium of the policy, amounting to $653.25 became due at the beginning of the term (Workmen's Compensation Law, § 92). The employer failed to pay the amount of the premium on the due date and on April 9, 1954 the appellant advised it that unless the premium was received on or before April 16, 1954 the insurance policy would be cancelled. The employer made a partial payment of $300 on April 16, 1954 which was received by appellant. Appellant then notified the employer on April 29 that unless the balance of the premium, amounting to $353.25, was paid on or before May 14 the policy would be cancelled on that date. The letter also stated that if payment of this amount was made at any time prior to May 14 the policy would continue in force and effect. On May 11 the employer paid an additional $200 which was also acknowledged by letter from the appellant, and in this letter appellant stated that despite this payment the notice of cancellation would not be revoked unless a payment of $153.25 was made before May 14. On May 17, 1954, three days after the proposed cancellation date, the employer made another payment in the amount of $153.25 representing the balance of the premium due on the policy. This payment was retained by appellant and deposited to its account. Claimant

herein was injured on May 28, 1954 and it is the claim of appellant that by reason of the foregoing its policy was not in effect at the time. It should be noted that appellant produced no proof as to the return of any unearned portion of the premium paid. The board found that the appellant's acceptance of the premium after the date of cancellation and its conduct in connection therewith was a sufficient basis for a finding that the policy had been reinstated. We differ somewhat with the language of the board and prefer to say that appellant was estopped from denying coverage rather than the policy was reinstated, but this difference is not of material consequence so far as the result is concerned. Appellant accepted the final payment on the policy without reiterating the cancellation of the policy, and this act could reasonably be expected to mislead the employer into thinking that the policy was still in force and effect, and therefore he would fail to procure any other insurance. The theory of estoppel is further buttressed by the failure of the appellant to make any offer for a return of the unearned portion of the premium. Moreover there is no proof in the record that the cancellation requirements of the Workmen's Compensation Law (§ 54, subd. 5) were complied with, and these requirements must be strictly observed (*Matter of Otterbein* v. *Babor & Comeau Co.*, 272 N. Y. 149; *Gramo* v. *Greenpoint Contr. Co.*, 209 App. Div. 250). Specifically there is no proof in the record that appellant filed a notice of cancellation with the chairman of the Workmen's Compensation Board as well as with the employer at least 10 days before the proposed cancellation, as required by the statute. Award affirmed, with costs to be divided between the Workmen's Compensation Board and the respondent employer. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.