Richard J. Bookhout, S.
The testator died May 17, 1968, leaving a will dated November 13,1951, which was duly admitted to probate on July 1,1968.
*968 The executor seeks construction of the validity and effect of paragraph ‘ ‘ seventh ’ ’ of the will which provides as follows: ‘ ‘ I give, devise and bequeath one half of all the rest, residue and remainder of my property, both real and personal and of every kind and description, to the Trustees of the Masonic Hall and Asylum Fund of the Grand Lodge of Free and Accepted Masons of the State of New York, to ibe held in trust, however, and kept invested by said Trustees, their successors in office, in United States Government Bonds and the interest and income therefrom to be paid to the Richfield Springs Lodge No. 482 F. & A. M. annually for its use and benefit so long as said Lodge remains in existence. Should said Lodge become extinct, then said Trustees shall use and apply the fund aforesaid and all unexpended income therefrom for the benefit of the Masonic Home at Utica, New York.”
The other half of the residue was left to his executor and trustee for the benefit of St. John’s Episcopal Church of Richfield Springs, New York with a gift over of the principal and income to the Diocesan Fund of Albany, New York, in the event the church should fail or omit to hold services at least semimonthly for a period of three successive years.
By paragraph ‘ ‘ seventh ’ ’, testator attempted to create a trust for the benefit of his Masonic lodge with a vested remainder in the Trustees of the Masonic Hall and Asylum Fund, a recognized charity.
A gift for general support of a Masonic lodge is not a disposition of property for religious, charitable, educational or benevolent purposes, and thus a trust for its benefit is void ‘ ‘ in its creation ” if it suspends the power of alienation for a longer period than lives in being at the creation of the estate and a term of not more than 21 years. (EPTL 9-1.1, subd. [a], par. [23.)
The testator designated no measuring, lives nor did he specify a period of years in gross, but the trust was to continue “ so long as said Lodge remains in existence. ’ ’
The validity of such a provision must be determined as of the date of its creation, by what might happen rather than by what actually does thereafter happen, and if an illegal suspension is likely to result • then such provision is void. The recent changes in the law do not permit a wait-and-see policy in applying the rule against perpetuities, for a suspension is either legal or illegal upon its creation. That the existence of the lodge might exceed the permissible period in gross of 21 years is not only possible, but highly probable, especially if the testator’s attempted gift of support were to be given effect.
*969 The respondent lodge urges that the trust for its benefit be given effect for 21 years, if it be in existence so long.
The court cannot thus reconstruct wills in accordance with what may be near the intention of the testator. (Matter of Durand, 250 N. Y. 45, 55.) The statute clearly states that such trusts are void in their creation. If the Legislature had wished to invalidate such trusts only for the period that might exceed a permissible period in gross, they could have as clearly so stated.
Respondent lodge further urges that EPTL 9-1.3 (subd. [d]) requires a presumption that the testator intended that the lodge should become extinct within 21 years in order to legalize the provision made for it. This statutory rule of construction creates a presumption that administrative contingencies were intended to occur within the permissible period. Although the recent amendment changing the adjective “like” to “specified” contingency may have taken care of two cases of “ unlike ” contingencies, i.e., collection of existing mortgages and the liquidation of a business, this section was never intended to apply generally to remote contingencies such as the possible extinction of a lodge, but, under the principle of ejusdem generis, is limited to administrative contingencies inherent in the orderly liquidation and settlement of estates and related reasonably expectable short-term events. (Fifth Report of Temporary State Comm. on Law of Estates [Supp. B to Report No. 5.25A]; N. Y. Legis Doc., 1966, No. 19, pp. 477-480.)
Public policy of this State, drawn from ancient common law and reaffirmed though somewhat softened, by EPTL 9-1.1, favors the free alienability of property; and it could not have been the intent of the Legislature by the substitution of a single word in a rule of construction to abrogate the rule against perpetuities in the case of all private trusts which are terminable only on the happening of some remote specified contingency.
In any event this rule of construction does not govern if a contrary intention appears. (EPTL 9-1.3, subd. [a].) The testator here obviously intended the continuance of the lodge, whose existence is potentially perpetual, rather than its extinction at any time, so a presumption that the lodge would become extinct if at all within 21 years would be contrary to the apparent intention of the testator.
The present interest of the Richfield Springs Lodge No. 482, F. & A. M. in the trust under paragraph ‘ ‘ seventh ’ ’ of the will is void as an illegal suspension of the power of alienation, and the remainder will be accelerated, so that said paragraph *970 will be construed as an outright bequest of one half of the residuary estate to the Trustees of the Masonic Hall and Asylum Fund of the Grand Lodge of Free and Accepted Masons of the State of New York, free from any trust for the benefit of the local lodge, but to be used for the benefit of the Masonic Home at Utica, New York.