In the Matter of the Accounting of SPENCER KELLOGG, II, et al., as Trustees under a Trust Agreement with HOWARD KELLOGG, Respondents. DAVID W. KELLOGG et al., Infants, by Their Guardian ad Litem, JOHN T. ELFVIN, Appellants; DAVID K. ANDERSON, Respondent.

Fourth Department, October 29, 1970.

*John T. Elfvin,* guardian ad litem for David W. Kellogg and another, infants, appellants.

*Phillips, Lytle, Hitchcock, Blaine & Huber* (*William E. Lytle* of counsel), for Spencer Kellogg, II, and another, respondents.

*Diebold & Millonzi* (*Robert I. Millonzi* of counsel), for David K. Anderson, respondent.

GABRIELLI, J. The guardian ad litem for two infant contingent remaindermen appeals from a judgment of the Supreme Court at Special Term, which among other things, settled the account of the trustees of an *inter vivos* trust and directed payment of the corpus of the trust to the individual respondent herein.

In 1923, Howard Kellogg executed a trust agreement settling certain property in trust for the life of his wife, and thereafter in equal shares for the respective lives of his three children. We are here concerned only with the disposition of the share of the property which passed in trust for the life of one of his children, Martha Jackson, who was given a power of appointment over her share of the corpus of the trust by the trust instrument which, in pertinent part stated that: " the share of such trust fund so held for the benefit of such child so dying shall be paid over and go and belong absolutely to such persons and corporations, and in such manner as such child so dying by his or her Last Will and Testament, duly executed in accordance with the laws of the State of New York, shall have directed and appointed; and in default of any such special direction or appointment, then in the manner provided by any such Last Will and Testament for the disposition of the residuary estate of such child; and in default of any such direction or appointment, or insofar as the same if made shall not extend or be effectual, then to such person or persons as according to the then existing laws of the State of New York would have been entitled to take the same in distribution, as if said child had died intestate owning such share as personalty at the time of his or her death, and in such shares and proportions as they would have been so entitled to take the same."

Martha Jackson died on July 4, 1969 leaving as her sole distributee, her son, David Anderson, who was born in 1935, after the trust agreement had been executed. He presently has no issue. By her will she attempted to bequeath her residuary

estate in trust for her son for life and upon his death the corpus to her living descendants in installments, and if she had no living descendants, then to the living descendants of her two brothers.

We are called upon to determine whether the will of Martha Jackson constitutes a valid exercise of the testamentary power of appointment vested in her by the trust agreement and, perforce, whether her share of the trust fund should be turned over to the estates sought to be created by her will. Dispositive of the legal effect of both the trust agreement and her will, is the impact of the long established Rule against Perpetuities as now spelled out in EPTL 9-1.1. In determining the legal effect of the provision of her will by which she exercised a testamentary power of appointment, the will must be read together with the trust instrument which created the power of appointment, in order to test their impact upon the Rule against Perpetuities. (*Low* v. *Bankers Trust Co.*, 270 N. Y. 143; *Fargo* v. *Squiers,* 154 N. Y. 250; EPTL 9-1.1, 10-8.1, subd. [a], par. [2].)

So tested, we agreed with Special Term's conclusion that the residuary clause of the will created an illegal suspension of the power of alienation. It is clear that when the trust agreement and will are read together, they result in the suspension of the power of alienation for the life of Martha Jackson and for the life of her son, a person not in being on the date of the creation of the trust. Thus the power of alienation is suspended for a period potentially exceeding the permissible period of two lives in being plus 21 years, if we were to assume David Anderson would survive his mother by 21 years. (EPTL 9-1.1 and 10-8.2.) It follows that her attempted continuation of the trust for the life of David Anderson is void in its creation. (EPTL 9-1.1, subd. [a], par. [2].)

It is of interest to note that the trust agreement made provision for disposition of the corpus in the event no legal appointment was made by his daughter. The agreement provided that: '' and in default of any such direction or appointment, or insofar as the same if made shall not extend or be effectual, then to such person or persons as according to the then existing laws of the State of New York would have been entitled to take the same in distribution, as if said child died intestate ''.

In light of all the circumstances, we agree that this latter provision of the trust agreement controls and the order directing the distribution of the corpus outright to David Anderson was correctly made. As noted by Special Term '' an illegal appointment is no appointment '' (*Guaranty Trust Co.* v. *Harris,* 267 N. Y. 1; *Low* v. *Bankers Trust Co.,* 270 N. Y. 143, *supra*).

The statutory rule prohibiting the creation of future interests in violation of the Rule against Perpetuities is not one of construction but finds its basis in a rule of policy. The object of such a rule is to defeat an intent of a testator or grantor to create unreasonably long restrictions upon the use or marketability of both real and personal property. There has, therefore, evolved an operative clause of the statute which mandates that " every present or future estate [in violation of the rule] *shall be void in its creation* " (EPTL 9-1.1, subd. [a], par. [2]). (Emphasis supplied.) Certain it is that if the Legislature had sought to invalidate such trusts *only* for the period that might otherwise exceed a permissible period in gross, they could have so done and have rewritten the prior statutory and case law in this regard.

Appellants concede that should David Anderson survive his mother by 21 years, the purported disposition in the will would be violative of the Rule against Perpetuities, but contend that the conclusion reached by Special Term frustrates the apparent intent of the testatrix, and they have urged the court to " rewrite " the purported disposition to conform to the legal limit of the suspension of the power of alienation. We find no authority for the " rewriting " and " wait-and-see " approaches urged by appellants as provided by EPTL 9-1.2 and 9-1.3, since this case is not one in which an age contingency may be reduced to 21 years in duration to validate an otherwise invalid trust. (See *Matter of Shaul,* 58 Misc 2d 967.) While the argument advanced by appellants might carry out the desire of the testatrix, such an approach finds no support in the law and the bequest must fail because of the absence of a valid appointment in the will. (*Low* v. *Bankers Trust Co.,* 270 N. Y. 143, *supra.*)

The settlor of the trust made provision for the very contingency here present, when he provided that in the event of a default in appointment, the corpus would pass outright to the intestate distributees of Martha Jackson. A close reading of the pertinent provisions of the trust agreement discloses that the settlor intended this direction to become effective not only because of a failure of appointment but also in the case, as here, where an attempted appointment was ineffective.

The judgment should be affirmed.

GOLDMAN, P. J., DEL VECCHIO, WITMER and BASTOW, JJ., concur.

Judgment unanimously affirmed, with costs to all parties filing briefs, payable out of the estate.