■ In the Matter of the Claim of CRAIG SKOLNICK, Respondent, v STATE INSURANCE FUND, Appellant, and UNINSURED EMPLOYERS FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 19, 1983, which held that the State Insurance Fund is estopped from denying coverage of the accident. The State Insurance Fund (State Fund) issued a policy of workers' compensation insurance to the employer T. D. Hedge Restaurant, which was to be effective for the period March 21, 1979 to March 21, 1980. The premium was $648, of which $120 was paid by the employer as a deposit. When the employer failed to pay the balance, the State Fund notified it by notice dated July 10, 1979 that the policy was canceled effective July 28, 1979 by reason of default in payments. The notice further provided that the policy would be reinstated if the amount due was received before the time of cancellation, but any payments received after the time of cancellation would not reinstate the policy but would simply be credited to the employer's account to cover the balance due after a final adjustment. A check for $528 from the employer was received by State Fund in an envelope postmarked October 31, 1979. By letter dated November 15, 1979, State Fund acknowledged receipt of the check but informed the employer that the policy was canceled. The letter also stated that the amount of the check was credited to the employer's account "pending final adjustment to date of cancellation". The record reveals no attempt by State Fund to return

any unearned portion of the premium. The accident which formed the basis for this claim occurred on December 15, 1979. State Fund denied coverage on the ground that the policy had been canceled prior to the accident. The referee concluded, as urged by the Uninsured Employers Fund, that State Fund was estopped from denying coverage. The Workers' Compensation Board affirmed and this appeal by State Fund ensued. The board found that since State Fund accepted the premium from the employer and failed to make any offer to return the unused portion of the premium, it was estopped from denying coverage. We agree. In *Matter of Fiorentino v Cannito* (4 AD2d 720, mot for lv to app den 3 NY2d 706), this court held, in a similar case involving State Fund, that the insurer was estopped from denying coverage where it accepted final payment on the policy and failed to reiterate that the policy was canceled, thereby misleading the employer into thinking the policy was still in effect. State Fund correctly points out that it did advise the employer that the policy was canceled at the time it acknowledged receipt of the balance of the premium. However, the decision in *Fiorentino* (*supra*) was also based on the fact that State Fund failed to make any offer to return the unearned portion of the premium. Here, while State Fund did indicate in its letter acknowledging receipt of the balance of the premium that it credited the amount of the check to the employer's account "pending final adjustment to date of cancellation", it did not then forward to the employer the unearned portion of the premium. Surely State Fund did not believe it could cancel the policy after some four months of coverage and at the same time retain the premium for the entire year. Thus, the failure of State Fund to promptly return the unearned portion of the premium to the employer or notify the employer of the progress in calculating the refund due could reasonably be expected to have misled the employer into thinking that the policy was still in force and effect, such that the board properly concluded that State Fund was estopped from denying coverage. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.