■ In the Matter of the Claim of GREGORY VOUTSINAS, Respondent, v 3818 SUNRISE HIGHWAY, INC., et al., Respondents, and STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 17, 1983. Since there is substantial evidence in the record to support the board's conclusion that the State Insurance Fund (State Fund) should be estopped from canceling its policy, the board's decision must be affirmed. By letter dated September 17, 1980, the employer's insurance broker advised the employer of the amount due on the workers' compensation policy issued to it by the State Fund and the employer made a partial payment. On October 9, 1980, the broker advised the employer of the balance due, warning that payment should be made as soon as possible to avoid any lapse in coverage. The employer paid the balance due by check dated October 22, 1980. By notice dated October 21, 1980, the State Fund sought to cancel the employer's policy, effective November 25, 1980, for default in payment of premiums. The board properly concluded that the State Fund, having accepted the premiums through its agent (see Insurance Law, § 121), should be estopped from canceling its policy for default in payment of premiums (see *Matter of Skolnick v State Ins. Fund,* 97 AD2d 588). The State Fund contends that the employer's payments were for premiums due in July,

1980, while the policy was canceled based upon the failure to pay premiums due in October, 1980. There is, however, no documentary proof in the record establishing the relevant periods for which premiums were due or paid. In any event, the record reveals that several months after attempting to cancel its policy, the State Fund sent a refund to the employer in an amount far in excess of the alleged unpaid premium upon which the cancellation was based, raising substantial doubt as to the existence of any default. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.