■ In the Matter of the Claim of HELEN J. WALLS, Respondent, v RICHARD LEVIN et al., Respondents, and U.S.A.A., Appellant. WORKERS' COMPENSATION BOARD, Respondent.— Harvey, J. Appeal from an amended decision of the Workers' Compensation Board, filed June 30, 1988.

In August 1985, claimant allegedly injured her back while working as a housekeeper in the home of Richard Levin, a dentist. At the time of the injury, Levin carried workers' compensation insurance for his dental practice employees through Kemper Insurance Company. He also maintained a homeowner's insurance policy through U.S.A.A. Insurance Law § 3420 requires homeowner's policies to provide certain insureds protection against workers' compensation claims by domestic help working less than 40 hours per week who are not covered by any workers' compensation policy. Apparently believing that it was required to provide coverage in claimant's case, U.S.A.A. investigated the claim and made payments for the period September 1985 to December 1985. In January 1986, U.S.A.A. filed a notice with the Workers' Compensation Board that medical treatment for claimant's injuries was no longer necessary.

The Board reviewed the claim. Along with the Uninsured

Employer's Fund, Kemper was notified of the claim's existence due to its workers' compensation insurance policy covering the dental office. Thereafter, in June 1986, U.S.A.A. controverted its coverage for the first time. Kemper also filed a notice of controversy contesting coverage. After hearings, a Workers' Compensation Law Judge found that Kemper's policy did not cover claimant, that U.S.A.A. was the proper compensation carrier and that, in any event, U.S.A.A. was estopped from denying coverage because of its earlier actions in paying compensation. U.S.A.A. appealed to the Board for review and the Board affirmed, finding that Kemper's policy did not provide coverage. Upon reconsideration, the Board amended its decision only to state that U.S.A.A. could not deny coverage because its earlier acceptance of the claim prejudiced the rights of Kemper. U.S.A.A. appeals.

The sole issue before this court is U.S.A.A.'s challenge to the Board's implied application of equitable estoppel. In our view, there is no basis for the Board's finding that prejudice to Kemper should preclude U.S.A.A. from contesting its coverage of the claim. "Equitable estoppel prevents one from denying his own expressed or implied admission which has in good faith been accepted and acted upon by another. The elements of estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts. The party asserting estoppel must show with respect to himself: (1) lack of knowledge of the true facts; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in his position" (*Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82). Here, we find that the necessary elements to support an estoppel are missing. First, there is no evidence of any intentional concealment of the true facts on U.S.A.A.'s part. Nothing in the record contradicts U.S.A.A.'s contention that it only paid on the claim initially through its own mistake.

Nonetheless, even if some form of knowledge on U.S.A.A.'s part could be presumed, an estoppel would still be inappropriate in the absence of any evidence of reliance or a prejudicial change in position on Kemper's part. Even if U.S.A.A. had controverted the claim immediately, rather than making initial payments on the claim, Kemper would have been notified of the claim as being potentially within its coverage and Kemper would have controverted the claim pointing to the specific provisions of its policy as it did in this case. Signifi-

cantly, the Board specifically found that Kemper is not liable for payment of benefits to claimant based on the provisions of Kemper's policy existing on the date of the accident and substantial evidence supports that determination. Accordingly, the Board's finding that Kemper was prejudiced somehow by U.S.A.A.'s tardy disclaimer is not supported by the record and cannot be upheld.

In light of our finding that U.S.A.A. was erroneously estopped from denying coverage because of prejudice to the rights of Kemper, the matter must be remitted to the Board for further consideration of U.S.A.A.'s liability. Although U.S.A.A. maintains that its homeowner's policy did not cover the accident because claimant worked over 40 hours per week, the Board never ruled on this question even though U.S.A.A. did raise the issue in its application to the Board for reconsideration. Consequently, a remittal to the Board for consideration of this issue is required (see, Matter of Hennige v Fairview Fire Dist., 99 AD2d 158, 160).

Amended decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.