■ In the Matter of the Claim of JOSEPH P. HAYDEN, Respondent, v S & W MEAT & POULTRY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [634 NYS2d 226] —Crew III, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed May 19, 1994 and Decem-

ber 27, 1994, which ruled that claimant was entitled to receive workers' compensation benefits.

In March 1989 claimant and his uncle, Arthur Scott, became partners in a business known as S & W Meat & Poultry (hereinafter the employer), a retail meat market where claimant and Scott also worked as counterpersons and butchers. Shortly thereafter, claimant and Scott contacted Kevin M. Fear & Associates (hereinafter the Fear agency) and expressed an interest in acquiring workers' compensation insurance coverage for both themselves, as partners, and any salaried employees. The Fear agency, in turn, contacted another agency, owned by Frank Shaughnessy, which wrote a policy for the partnership with the compensation carrier herein. The premium for the policy was based, in part, upon the employer's total payroll, including the salaries of claimant and Scott.

Following an on-site inspection of the employer's premises, the carrier's representative apparently informed Shaughnessy that, among other things, it could not provide workers' compensation coverage for claimant and Scott as partners. Shaughnessy notified the Fear agency of this in writing and forwarded a refund check for a portion of the premium from the carrier. Claimant testified that when he inquired as to the basis for the refund, the Fear agency simply informed him that the premium was "all paid up". According to claimant, he was never informed that he and Scott were not covered under the policy issued by the carrier.

Thereafter, in November 1989, claimant caught his hand in a meat grinder and sustained serious injuries ultimately requiring amputation. A workers' compensation claim was filed, and the carrier tendered payment. In March 1991, however, the carrier contested coverage, arguing that because neither claimant nor Scott, in their capacity as partners, formally elected to be covered under the carrier's policy in accordance with Workers' Compensation Law § 54 (8), the policy did not cover claimant on the date of the accident. Ultimately, the Workers' Compensation Board upheld the award of benefits to claimant, finding that the carrier should be estopped from raising Workers' Compensation Law § 54 (8) as a defense based upon the carrier's failure to advise the employer that such an election was in fact required to provide coverage for its partners. The carrier and the employer appeal from the Board's decision and amended decision.

In order to impose an estoppel upon a party, three elements must be present: " '(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that

such conduct will be acted upon by the other party; and (3) knowledge of the real facts' " (*Matter of Walls v Levin*, 150 AD2d 873, 874, quoting *Airco Alloys Div. v Niagara Mohawk Power Corp.*, 76 AD2d 68, 81-82). Based upon our review of the record presently before us, we are unable to conclude that the Board's decision to impose an estoppel is supported by substantial evidence.

The crux of the Board's decision is that the carrier knew that the employer wanted its partners, claimant and Scott, to be covered under the workers' compensation policy issued by the carrier and, hence, the carrier's subsequent failure to inform the employer of the need to file an election pursuant to Workers' Compensation Law § 54 (8) in order to obtain such coverage forms the basis for an estoppel. In this regard, it is undisputed that the carrier did not directly notify the employer that its partners were not covered under the subject policy. Shaughnessy testified, however, that he notified the Fear agency of this fact in writing and, in its capacity as the employer's broker, the Fear agency is deemed to be an agent of the insured (*see generally, Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d 62, 65). Accordingly, any knowledge the Fear agency acquired is imputed to its principal, the employer (*see generally, Smalls v Reliable Auto Serv.*, 205 AD2d 523, 524). Although claimant testified that he was never told that he and Scott were not covered under the carrier's policy and, hence, of the need to file a formal election, the record fails to support the Board's finding that it was the carrier that concealed such information from claimant. Accordingly, we are unable to conclude that all of the elements required for an estoppel are present.

As a final matter, the notice sent to the Fear agency by Shaughnessy in May 1989 reflected, *inter alia*, a reduction in the premium to be paid by the employer which, in turn, resulted from the partners' salaries being removed from the employer's total payroll. When the carrier applied for review of the Workers' Compensation Law Judge's decision in this matter, claimant's attorney submitted, as part of his rebuttal, a bill from the Fear agency in the amount of $975.60, apparently representing the full amount of the premium initially charged by the carrier, and proof of the employer's payment thereof. Respondent now argues that the carrier's subsequent acceptance of the full amount of the premium conveyed the impression that the employer was being charged for the very coverage it initially requested, i.e., coverage for its salaried employees *and* its partners, thereby forming the basis for an estoppel.

As a starting point, although this issue was raised before the Board, the Board made no express findings in this regard. Additionally, as noted previously, the Fear agency was the agent of the employer, not the carrier, and proof that the Fear agency demanded and apparently accepted payment of the full premium amount does not establish that the carrier ultimately accepted and retained such payment, thereby lulling the employer into believing that the coverage initially requested was indeed being provided (*compare*, *Matter of Skolnick v State Ins. Fund*, 97 AD2d 588, 589). As such, we are unable to invoke this as a basis for imposing an estoppel and upholding the Board's decision.

Mikoll, J. P., Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision and amended decision are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.