**In re BRADLEES STORES, INC., et al., Debtors.**

**WESTBURY REAL ESTATE VENTURES, INC., Plaintiff,**

v.

**BRADLEES, INC., Defendant.**

**Bankruptcy Nos. 95 B 42777 (BRL) to 95 B 42784 (BRL).**

Adv. No. 95–1455.

United States Bankruptcy Court, S.D. New York.

April 12, 1996.

Dewey Ballantine by Stuart Hirshfield, Wayne A. Cross and Sandor E. Schick, New York City, for Debtors.

Flaum & Verdi, P.C. by Neil R. Flaum, Garden City, New York, for plaintiff Westbury Real Estate Ventures, Inc.

*DECISION ON DEBTORS' MOTION TO DISMISS COMPLAINT SEEKING SPECIFIC PERFORMANCE OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON GROUNDS THAT, INTER ALIA, RELIEF IS PRECLUDED BY THE RULE AGAINST PERPETUITIES*

BURTON R. LIFLAND, Bankruptcy Judge.

Bradlees, Inc. ("Bradlees"), and an affiliated company, New Horizons of Westbury, Inc. ("Horizons" and together with Bradlees, the "Debtors") seek to dismiss, the amended complaint filed against Bradlees by Westbury Real Estate Ventures, Inc. ("Westbury").

*Background*

Horizons is an indirect subsidiary of Bradlees which holds title to a parcel of real property in Hempstead, New York (the "Property"). The amended complaint alleges that under a contract between Bradlees and Westbury contained in a letter dated September 22, 1993 (the "Letter"), Bradlees agreed to assign the right to a "bargain purchase" of the Property to Westbury. In its First and Second Causes of Action, Westbury seeks, respectively, specific performance of its purported right to purchase the Property under the Letter and an order enjoining the Debtors from transferring or otherwise impairing the Property. Lastly, Westbury seeks damages of not less than five million dollars.

The Debtors move to dismiss the amended complaint pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Rules") or, in the alternative, for summary judgment pursuant to Rule 7056, on the grounds that: (i) the Letter constitutes an offer that was revoked—not a contract; (ii) any "right to purchase," as set forth in the Letter is void as violating New York's rule against perpetuities; (iii) even if the Letter were found to create a valid contract, Westbury is not entitled to specifically enforce the "right to purchase" or prevent the Debtors from transferring the Property because the Debtors retain the right to reject an executory contract under section 365 of the Bankruptcy Code; and (iv) Westbury is not entitled to an administrative claim against the Debtors by virtue of the Debtors' alleged breach of a prepetition contract or, at this time, to a prepetition claim against the Debtors because the Letter has not been rejected under section 365 of the Bankruptcy Code.

*Discussion*

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) can be granted only where it appears certain that no set of facts could be proven at trial which would entitle plaintiff to relief.

*Neitzke v. Williams* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989), *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985); *In re O.P.M. Leasing Services, Inc,* 21 B.R. 986, 991 (Bankr.S.D.N.Y.1982). All well-pleaded factual allegations must be read by the court as true and construed liberally in favor of the plaintiff. *Conley,* 355 U.S. at 47, 78 S.Ct. at 103; *Allen v. West Point Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991); *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989). The focus of the inquiry is whether the pleading is sufficient to entitle the claimant to offer evidence in support of his claims, not the likelihood of plaintiff's success. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974); *Werner v. Satterlee,* 797 F.Supp. 1196, 1206 (S.D.N.Y.1992).

■■■ At oral argument, Westbury conceded that it could not sustain its first two causes of action against the Debtors in light of the Debtors' ability to reject executory contracts under section 365 of the Bankruptcy Code.[1] *See In re Fleishman,* 138 B.R. 641, 648 (Bankr.E.D.Mass.1992) ("Specific performance should not be permitted where the remedy would in effect do what section 365 meant to avoid, that is, impose burdensome contracts on the debtor."); *In re A.J. Lane & Co. Inc.,* 107 B.R. 435, 439 (determining that the right of specific performance is subordinate to the debtor's rejection rights); *In re Waldron,* 36 B.R. 633, 642, n. 4 (Bankr.S.D.Fla.1984) *rev'd on other grounds,* 785 F.2d 936 (11th Cir.1986) ("The Code does

not permit specific performance as a remedy resulting from the rejection of an executory contract under section 365.") *See also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1099 (2d Cir.1993); *Matter of Minges,* 602 F.2d 38 (2d Cir.1979). Accordingly, by its own admission, Westbury's first two causes of action must be dismissed. Moreover, the Debtors have made a sufficient showing, without any offer by Westbury in rebuttal, that the Letter violates New York's rule against perpetuities and, therefore, is void. I agree.

■■■ Under New York law, an owner's power to dispose of property is limited by three rules. *Metropolitan Transp. Auth. v. Bruken Realty Corp.,* 67 N.Y.2d 156, 161, 492 N.E.2d 379, 381, 501 N.Y.S.2d 306, 308 (N.Y. 1986). The first two, known as the rule against perpetuities, are codified in section 9–1.1 of the New York Estate Powers and Trust Law. Subsection (b) of that statute provides that no estate in property shall be valid (1) if the instrument conveying it suspends the power of alienation for a period longer than lives in being at the creation of the estate plus 21 years and (2) unless it must vest, if at all, before expiration of same period. N.Y. EST. POWERS & TRUSTS § 9–1.1(b) (McKinney 1996); *Bruken Realty Corp.,* 67 N.Y.2d 156, 161, 492 N.E.2d 379, 381, 501 N.Y.S.2d 306, 308; *Symphony Space, Inc. v. Pergola Properties, Inc.,* 214 A.D.2d 66, 72, 631 N.Y.S.2d 136, 139 (N.Y.App.Div.1995). Although the statutory period is lives in being plus 21 years, where

---

1. Pursuant to section 365 of the Bankruptcy Code, the trustee or the debtor in possession, subject to the court's approval, may assume or reject any executory contract of the debtor. 11 U.S.C. § 365(a). The right of a debtor in possession to reject certain contracts is fundamental to the bankruptcy system because it provides a mechanism through which severe financial burdens may be lifted while the debtor attempts to reorganize. *In re Hardie,* 100 B.R. 284 (Bankr. E.D.N.C.1989). In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and apply its best "business judgment" to determine if the assumption or rejection would be beneficial or burdensome to the estate. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1099 (2d

Cir.1993); *Matter of Minges,* 602 F.2d 38 (2d Cir.1979). Accordingly, under this business judgment test, an executory contract for the sale of land should be rejected if the debtor can demonstrate that rejection will benefit the estate. *Sundial Asphalt Co., Inc. v. V.P.C. Investors Corp., (In re Sundial Asphalt Co., Inc.),* 147 B.R. 72, 83 (Bankr.E.D.N.Y.1992)).

Although Westbury initially alleged that the Debtors had taken certain actions toward the assumption of the Letter, it abandoned that argument at the hearing. In any event, the assumption of a contract may not be implied because it requires specific court approval pursuant to a motion in accordance with Rule 6006. *See In re Child World, Inc.,* 147 B.R. 847 (Bankr.S.D.N.Y. 1992).

the parties to the agreement are corporations, and inasmuch as no measuring life or lives are stated in the instrument, the permissible period is 21 years. *Bruken Realty Corp.*, 67 N.Y.2d at 161, 492 N.E.2d at 381, 501 N.Y.S.2d at 308. The third rule regulating dispositions is established by common law and invalidates conveyances which impose unreasonable restraints on alienation. *Id.* I recognize that the relevance of the rule against perpetuities to modern commercial transactions has been questioned because, among other things, it is a harsh and inflexible rule which may invalidate business transactions, bargained for in good faith, because they exceed the specified time limitation even though such time frame is not necessarily germane or relevant in the commercial context. Nonetheless, as one New York court has held, "the statutory proscription is clear and unambiguous and delineates the public policy in New York." *Symphony Space, Inc.*, 214 A.D.2d at 75–76, 631 N.Y.S.2d at 141. Accordingly, the rule against perpetuities applies to commercial transactions, including options to purchase in real estate transactions. *See Buffalo Seminary v. McCarthy*, 86 A.D.2d 435, 441–42, 451 N.Y.S.2d 457, 462 (N.Y.App.Div.1982).

 Under the terms of the Letter, the right to purchase has no specified time period within which it must vest and therefore, is void pursuant to New York's rule against perpetuities. In fact, Westbury does not dispute that the right to purchase contained in the Letter violates the rule against perpetuities, but instead baldly asserts that the Debtors should be estopped from making such an argument because the Debtors allegedly drafted the document. I disagree. In addition to Westbury's failure to allege any facts in support of its estoppel argument, *see Hayden v. S & W Meat & Poultry*, —— A.D.2d ——, 634 N.Y.S.2d 226, 227 (N.Y.App. Div.1995), equitable remedies cannot be used to defeat the purpose of the statute. *See Hadley v. Rinke*, 39 F.Supp. 207 (S.D.N.Y. 1941); *Symphony Space, Inc.*, 214 A.D.2d at 80–81, 631 N.Y.S.2d at 144–45. The very purpose of the rule against perpetuities is to defeat the creation of an unreasonably long restriction upon the use or marketability of the property involved. *In re Kellogg's Trust*, 35 A.D.2d 145, 316 N.Y.S.2d 293 (N.Y.App. Div.1970), *appeal denied*, 28 N.Y.2d 481, 319 N.Y.S.2d 1025, 267 N.E.2d 889 (N.Y.1971). Thus, an estate in property is void from the beginning if it could vest too remotely and the statute does not permit a court to rewrite a transfer to limit the time within which the interest transferred must vest to fit within the perpetuities period. *Symphony Space, Inc.*, 214 A.D.2d at 79, 631 N.Y.S.2d at 143, *citing Buffalo Seminary*, 86 A.D.2d at 446, 451 N.Y.S.2d at 457. "[T]o use equity to defeat the purpose of the statute . . . . would be to permit the very result which the statute prohibits." *Symphony Space, Inc.*, 214 A.D.2d at 80, 631 N.Y.S.2d at 144. As explained by the *Symphony* court, damages may not be sought for refusal to perform an option which is void under the rule against perpetuities since to allow damages in such a situation would tend to compel performance. Therefore, effectuation of the purpose of the rule against perpetuities requires that no recovery of damages be permitted in such case. *Symphony Space, Inc.*, 214 A.D.2d at 80–81, 631 N.Y.S.2d at 144.

Accordingly, for the reasons set forth above, the Debtors' motion to dismiss the complaint, with prejudice, is granted. Submit an order consistent with this decision.