In the Matter of the Claim of GERALD BRUCKNER, Appellant, v HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [657 NYS2d 514] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed November 15, 1995, which ruled that claimant was not entitled to receive workers' compensation benefits.

The issue in this case is whether claimant, the sole proprietor of Bruckner Electric, had, prior to the date of his accident, secured elective coverage available to him as sole proprietor under Workers' Compensation Law § 54 (8).* The Workers' Compensation Law Judge (hereinafter WCLJ) and the Workers' Compensation Board, upon appeal, concluded that no such coverage had been secured and disallowed claimant's claim. Finding that substantial evidence supports this determination, we affirm.

On December 5, 1988, claimant suffered a myocardial infarction during the course of his employment. On that date, the employees of Bruckner Electric were covered under a policy of workers' compensation insurance with Hartford Accident and Indemnity Company. The policy was effective December 28, 1987 through December 28, 1988.

In May 1988, prior to claimant's accident, claimant changed insurance brokers from Gorham Risk Specialists to the Harry V. Bender Agency, Inc. Gary Slavin, Bender's sales manager, assisted claimant and testified that during the course of negotiations, claimant asked to change his existing workers' compensation policy that had begun on December 28, 1987 to include coverage for him as a sole proprietor. Because Bender had not issued the original policy, Slavin could not immediately effect any changes until Bender was recognized as the broker of record. Therefore, Slavin told Bender's customer service representative to amend the policy to include claimant as a sole proprietor once the broker of record change had been effected.

Donald Karlsen, an underwriter for Hartford, testified that his company's files did not reflect that any endorsement had ever been issued to claimant's policy providing claimant with coverage; no other documentation reflecting that such an

---

* Workers' Compensation Law § 54 (8) provides that a sole proprietor, having other persons who are employees required to be covered under a workers' compensation insurance policy, may elect to be included in the compensation insurance contract.

endorsement had been issued was introduced at the hearing. The record does reflect, however, that in August 1989, Bender arranged for claimant to sign a sole proprietor inclusion form and had the workers' compensation policy (then with Aetna Casualty and Surety) endorsed to cover claimant effective July 31, 1989, although this was well after claimant's accident.

We reject claimant's argument that even if no endorsement was actually issued, Bender and Hartford are bound to provide coverage as a result of statements made by Slavin, whom claimant contends had actual or apparent authority to act on Bender's behalf, to the effect that he was covered. The record clearly reveals that Slavin did not have actual authority to bind either Bender or Hartford. Moreover, "the existence of 'apparent authority' depends upon a factual showing that the third party relied upon the misrepresentations of the agent because of some misleading conduct on the part of the principal—not the agent" (*Ford v Unity Hosp.*, 32 NY2d 464, 473) and any such reliance on the appearance of authority must be reasonable (*see, Hallock v State of New York*, 64 NY2d 224, 231). Here, we find no evidence that claimant could have reasonably relied on any statements made to him by Slavin. The record does not disclose any evidence that Slavin told claimant prior to his accident that the sole proprietor endorsement had been issued or that he was covered under the policy. Furthermore, even if reliance was shown, we do not find that claimant's belief that Slavin had actual authority to bind Bender or Hartford, based merely upon his title as sales manager, is reasonable.

Finally, we find no basis to estop Hartford from denying coverage based on a $1,597 increase in premium claimant paid in mid-1989 (*see generally, Matter of Hayden v S & W Meat & Poultry*, 221 AD2d 823, 824-825), especially where neither party could produce any proof as to why this premium was paid.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.