■ In the Matter of the Claim of RICHARD LAFLER, Respondent, v CHAUTAUQUA SALES, INC., Doing Business as DE MARCO TRUCKING, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [730 NYS2d 581] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed March 22, 2000, which ruled that Public Service Mutual Insurance Company is the responsible workers' compensation carrier.

Claimant was injured in a work-related accident 17 months after his employer's policy of workers' compensation insurance expired. In response to the request of the worker's compensation carrier to be discharged from liability, the Uninsured Employers' Fund raised an issue regarding the carrier's compliance with the notice requirements of Workers' Compensation Law § 54 (5). The carrier submitted documentation which included a notice of intention not to renew filed with the Workers' Compensation Board and allegedly mailed to the employer. The material submitted by the carrier, however, failed to demonstrate any connection between the notice and the copy of the

return receipt showing the employer's acceptance of delivery. Nor did the carrier submit any other evidence to demonstrate that the notice was in fact mailed to the employer. Accordingly, the Board ultimately concluded that the carrier had not established strict compliance with the Workers' Compensation Law § 54 (5) notice requirements and, therefore, remained the responsible workers' compensation carrier at the time of claimant's accident. The carrier appeals.

When there is "uncontroverted evidence that the policy was never renewed, the [carrier's] failure to prove strict compliance with the cancellation requirements is without effect" (*Matter of Case v State Ins. Fund*, 72 NY2d 992, 994). In addition to the carrier's notice of intent not to renew, the record contains a report of an investigation by the Board's Enforcement Section conducted to ascertain coverage on the date of claimant's accident. The report found no coverage based upon the carrier's cancellation of its policy 17 months before claimant's accident and an interview with the employer's president who, according to the report, "verified that the corporation did *not* have WC insurance on the D/A" (emphasis in original). We agree with the carrier that this uncontroverted evidence demonstrates that the policy was never renewed and, therefore, the carrier's failure to prove strict compliance with Workers' Compensation Law § 54 (5) is without effect (*compare, Matter of Case v State Ins. Fund, supra, with Matter of Russell v Linens Plus*, 188 AD2d 748).

Cardona, P. J., Mercure, Peters and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.