■ In the Matter of the Claim of CEMALETTIN KOC, Respondent, v STANDARD BOAT COMPANY, Respondent, and STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [754 NYS2d 689] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed December 29, 2000, which ruled that the State Insurance Fund was estopped from denying coverage as of the date of injury.

Claimant's husband, a truck driver, was killed on October 6, 1992, when he was struck in the head by the boom of a crane while working for his employer. The employer's workers' compensation carrier contested the claim asserting that the policy had been cancelled for nonpayment of premiums effective June 8, 1991. Following several hearings, the Workers' Compensation Board directed the carrier to pay benefits without prejudice pending resolution of the coverage issue. After a January 2000 hearing at which the carrier's senior underwriter and the employer testified, the Workers' Compensation Law Judge determined that the policy was in effect on the date of the accident based on the lack of an earned premium audit by the carrier. In affirming the decision, the Board concluded, in part, that the carrier was estopped from denying coverage. This appeal by the carrier ensued.

Initially, we note that a finding of estoppel is "generally a question of fact" (*Matter of Tavano v Tavano Enters.*, 227 AD2d 836, 837, *lv dismissed* 88 NY2d 1018), and the Board's decision will be upheld if supported by substantial evidence (*see Matter of Rue v Northeast Timber Erectors*, 289 AD2d 787, 788, *lv dismissed* 98 NY2d 671). "In order to impose an estoppel upon a party, three elements must be present: ' "(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts" ' " (*Matter of Hayden v S & W Meat & Poultry*, 221 AD2d 823, 824-825, quoting *Matter of Walls v Levin*, 150 AD2d 873, 874 [citation omitted]). Our review of the record leads us to conclude that the Board's decision to impose an estoppel is unsupported by substantial evidence.

Here, the evidence in the record demonstrates that on June 8, 1991, the policy was cancelled for nonpayment of premiums. The outstanding balance claimed to be due on the workers' compensation policy on May 20, 1992 was $38,789.14. Subsequently, in June 1992, after being advised by the carrier that it was planning to institute litigation to collect the premium due through cancellation, the employer made four installment payments from June 1992 to September 1992, totaling $26,789.14,

after which the balance due on the claimed outstanding premium was $12,000. An April 1998 statement of account shows that on August 23, 1996 the balance of $12,000 was paid to the carrier. The carrier's senior underwriter, who did not work for the carrier in 1991, testified that upon cancellation of a policy, an audit of that policy is performed, but the carrier did not have a record of such an audit in this case because the underwriting file for the policy had been destroyed at some prior time. She further testified that the policy would not have been reinstated following the employer's June to September 1992 payments, but conceded that reinstatement is done by the carrier's credit and collection department, not the underwriting department, and she was unfamiliar with the guidelines governing reinstatements.

The employer's president testified that after he had received the notice of cancellation, he had several conversations with the carrier's representatives who indicated that the policy would not be reinstated until the balance due was paid in full. He further testified that he asked the carrier if the policy could be reinstated while he paid the balance in increments, but was advised that the carrier was adhering to its original position. He also testified that after making several payments in 1992, he attempted to have the policy reinstated but was again told that prior to reinstatement, the outstanding balance would have to be paid. In addition, he testified that he believed there was an outstanding balance on the policy of $38,000.

Under these circumstances, we find that the necessary elements to support an estoppel are missing. Significantly, the employer did not testify that he believed the policy to be in effect on the date of the accident, over 15 months after its cancellation. Further, the record clearly indicates that the employer's payments to the carrier after the policy's expiration date were made on account of past due premiums and not for workers' compensation coverage subsequent to the policy's expiration (*see generally Matter of Lafler v Chautauqua Sales*, 286 AD2d 837, 838). Hence, the Board's finding of an estoppel is not supported by the record and cannot be upheld.

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.