In re **FEDERAL MOGUL GLOBAL, INC., T & N Limited, et al.,** Debtors

**Computer Sales International, Inc., Appellant,**

v.

**Federal Mogul, et al., Appellee.**

**Bankruptcy No. 01–10578 (RJN). No. CIV.A.02–1255 (AMW).**

United States District Court, D. Delaware.

April 30, 2003.

Laura Davis Jones, Pachulski, Stang, Ziehl, Young & Jones, PC, Wilmington, DE, for Debtor.

William F. Taylor, McCarter & English, LLP, Wilmington, DE, for Appellant.

## *MEMORANDUM OPINION*

WOLIN, District Judge.

This matter is before the Court upon the appeal of Computer Sales International, Inc. ("CSI") from an order entered by the Bankruptcy Court, Randall Newsome, U.S.B.J. presiding, authorizing the debtor in possession, Federal Mogul Global, Inc. et al. ("Federal Mogul") to execute a post-petition computer leasing agreement with International Business Machines, Inc. ("IBM") and rejecting multiple master computer leases presently held by CSI. Jurisdiction to hear this appeal is had pursuant to 26 U.S.C. § 158(2). The Court has decided this appeal on the written submissions of the parties. For the reasons set forth below the order of the Bankruptcy Court will be affirmed.

## BACKGROUND

The factual setting is not in substantial dispute. Federal Mogul filed a voluntary petition under Chapter 11 of the Bankruptcy Code in conjunction with its English debtors who similarly filed in the United Kingdom. They continue to operate the business as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(2) and 1108. Federal Mogul has an ongoing contractual/leasing agreement with CSI for the provision of computer hardware and services. After filing its petition, Federal Mogul concluded that IBM's services and products would better meet its business needs. Therefore, Federal Mogul sought an order pursuant to 11 U.S.C. § 363(b)(1) authorizing the execution of a post-petition computer lease agreement with IBM for various equipment and services. That same motion sought approval of the rejection of 31 active leases of computer equipment held by CSI, pursuant to 11 U.S.C. § 365. CSI filed a timely objection with the Bankruptcy Court.

The Bankruptcy Court held a plenary hearing with oral testimony on May 29, 2002. Following that hearing, the court, citing *NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72 (3d Cir.1982), *aff'd, NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), held that the standard to be applied in considering the rejection of an executory contract was the business judgment test. Finding that Federal Mogul had made a satisfactory showing under that standard, the court granted Federal Mogul's motion. CSI then filed the present appeal.

## DISCUSSION

■ On appeal, this Court may set aside a Bankruptcy Court's findings of fact only if they are clearly erroneous. *E.g., In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir.1989); *Brennan v. Poritz*, 198 B.R. 445, 448 (D.N.J.1996). In contrast, a Bankruptcy Court's conclusions of law are subject to plenary review. *See, e.g., In re Modular Structures, Inc.*, 27 F.3d 72, 76 (3d Cir.1994) (citations omitted).

CSI does not dispute the Bankruptcy Court's finding that Federal Mogul satisfied the business judgment test. Rather, CSI argues that in the case of rejection

motions for executory contracts, 11 U.S.C. § 365(2) as interpreted by the Supreme Court in *Bildisco*, requires a threshold determination that maintenance of the existing contract will work a "severe hardship or burden" on the debtor's estate. CSI argues that its appeal must be granted because the court below did not engage in that two-step analysis. This Court disagrees and so affirms the order of the Bankruptcy Court.

■ In general, motions to reject executory contracts are evaluated under the business judgment test. As applied in the Third Circuit, a court should approve a debtor's use of assets outside the ordinary course of business if the debtor can demonstrate a sound business justification for the proposed transaction. *See, e.g., In re Martin*, 91 F.3d 389, 396 (3d Cir.1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir.1991)); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir.1986). The business judgment test dictates that a court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion. *See, e.g., Enterra Corp. v. SGS Assocs.*, 600 F.Supp. 678, 684–85 (E.D.Pa. 1985).

■ CSI candidly admits that "§ 365 does not set forth a test for determining when rejection of a lease is permissible ... [and] that the Third Circuit and majority of courts use the business judgment standard as the second part of the test ...." Appellant's Reply Br. at 4. CSI contends, however, that there is a "first part" to the test under § 365(2). The court, CSI argues, must make an initial finding of severe hardship or burden to the debtor's estate before invoking the business judgment test.

In support of its argument, CSI cites numerous cases in which the words "severe financial burden or hardship" were used by courts applying the business judgment test in the bankruptcy context. *E.g., Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir.1993); *In re Italian Cook Oil Corp.*, 190 F.2d 994, 996 (3d Cir.1951); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 117 (Bankr.D.Del.2001); *Westbury Real Estate Ventures v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n. 1 (Bankr.S.D.N.Y.1996); *see also* Appellant's Br. at 6 (citing cases). CSI contends that in light of the Supreme Court's decision in *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984), the language used in these cases indicates that a showing of hardship or burden is a necessary prerequisite to the application of the business judgment test.

A fair reading of those cases and of *Bildisco* does not support CSI's position. First, in *Bildisco*, the Supreme Court was faced with a collective bargaining agreement, a very different type of executory contract than the equipment leases at issue here. Because that contract implicated the additional policies of the federal labor laws, the Supreme Court, in line with all of the circuit courts that had considered that unique situation held "that because of the special nature of a collective-bargaining contract ... a somewhat stricter standard should govern the decision of the Bankruptcy Court to allow rejection of a collective-bargaining agreement." *Id.* at 524, 104 S.Ct. 1188 (citations omitted). The above language makes clear that the *Bildisco* holding was limited to collective-bargaining agreements. CSI cites no case that explicitly extended that holding to ordinary leases.

Second, none of the cases, cited by CSI, that utilized the "severe hardship or burden" language implemented a discrete, two-stage business judgment analysis. In

fact, several of those cases point in the opposite direction. For example, in *In re Trans World Airlines,* the court explained the nature of § 365(a): "[It] grants a debtor in possession the fundamental authority to assume or reject an executory contract as a vital part of the bankruptcy process." 261 B.R. at 123. The court went on to grant the debtor's motion to reject an executory contract, pointing to "the long standing position of this Court that in a rejection motion determination *the focus is the benefit to the debtor's estate.*" *Id.* (emphasis added).

Finally, logic dictates that the bifurcated analysis proposed by CSI is at worst inconsistent with and at best unnecessary to the application of the business judgment test. This is because that analysis implicitly includes consideration of the possible detrimental effect of the proposed course of action and the consequences if such an action is not permitted. Absent bad faith or gross negligence, it leaves those considerations in the hands of the debtor. This Court will not confound that decision making process by imposing additional legal hurdles unfounded in either the case law or the Bankruptcy Act itself. Upon examination of the record, this Court is confident that the Bankruptcy Court's findings fully and fairly encompass the very concerns raised by CSI here. No further analysis on the part of the Bankruptcy Court is needed.

## CONCLUSION

For all of the foregoing reasons the court will affirm the order of the Bankruptcy Court. An appropriate Order is attached.