In the Matter of the Claim of JOSEPH DiLASCIO, Appellant, v TILDEN GLEN HEAD, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [894 NYS2d 203]—

Peters, J.P.

Claimant was the sole executive officer of an automobile repair business that maintained workers' compensation insurance through the State Insurance Fund (hereinafter SIF). In 1994, claimant, in his capacity as the sole executive officer, elected to exclude himself from such coverage. Beginning in 2001, without expressly notifying SIF that he intended to now be covered by the workers' compensation insurance policy, claimant began including his salary in the chargeable payroll statements he submitted to SIF that are used to calculate the yearly premiums. SIF began calculating a higher premium based upon a chargeable payroll that included claimant's salary in 2004. A renewal policy covering the period from October 2005 to October 2006, however, was provided to the employer, which explicitly stated that claimant was not covered by the policy due to the election to have him excluded. In May 2006, during the time that this policy was active, claimant was injured while at work and he applied for workers' compensation benefits.*

Following hearings, at which SIF contested coverage based upon claimant's 1994 exclusion, a workers' compensation law judge ruled that claimant suffered a work-related injury and determined that, by paying the higher premiums based upon the inclusion of his salary in the chargeable payroll, claimant reasonably believed that he was covered and SIF was estopped from denying coverage. On review, the Workers' Compensation Board reversed, determining that estoppel did not apply as claimant had actual notice that he was not covered at the time of his injury. Claimant now appeals.

We affirm. Initially, we note that whether estoppel applies is a

---

* SIF thereafter credited the employer's account for the portion of the premiums applicable to the inclusion of claimant's salary in the chargeable payroll paid from 2004 to 2006.

question of fact for the Board to resolve and its determination will be upheld if supported by substantial evidence (*see Matter of Mangum v National Union Fire Ins. Co.*, 14 AD3d 968, 970 [2005]; *Matter of Lachover v C&A Bldrs.*, 199 AD2d 658, 658 [1993]). "In order to impose an estoppel upon a party, three elements must be present: '(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts' " (*Matter of Hayden v S & W Meat & Poultry*, 221 AD2d 823, 824-825 [1995], quoting *Matter of Walls v Levin*, 150 AD2d 873, 874 [1989]; *accord Matter of Koc v Standard Boat Co.*, 301 AD2d 687, 687 [2003]). Moreover, the party asserting estoppel must show, with respect to himself or herself, a lack of knowledge of the real facts (*see Matter of Walls v Levin*, 150 AD2d at 874). Here, the record reveals that the policy that was active the year of claimant's injury clearly and expressly excluded him from coverage. Accordingly, we conclude that the Board's determination, that claimant had actual knowledge that he was not covered by the policy and, therefore, could not have reasonably relied on SIF's acceptance of higher premiums in believing that he was covered (*compare Matter of Fiorentino v Cannito*, 4 AD2d 720, 721 [1957], *lv denied* 3 NY2d 706 [1957]), is supported by substantial evidence and its finding that SIF is not estopped from denying coverage will not be disturbed.

Rose, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.

