■ In the Matter of the Claim of Dennis Sheeley, Appellant, v Sheeley Septic Service et al., Respondents. Workers' Compensation Board, Respondent. [893 NYS2d 701]—

Garry, J.

In 1994, claimant sustained an injury while working for Sheeley Septic Service and successfully sought workers' compensation benefits. Claimant later revealed that his injury had caused him to miss work and, in 2005, sought to obtain reduced or lost wage benefits. He also argued that his average weekly wage should factor in his concurrent employment with Thompson Sanitation Corporation. A Workers' Compensation Law Judge determined that such work did not constitute covered employment for purposes of Workers' Compensation Law § 14 (6). The Workers' Compensation Board agreed, and claimant now appeals.

We affirm. Workers' Compensation Law § 14 (6) directs that an "employee's average weekly wages shall be calculated upon the basis of wages earned from all concurrent employments covered under this chapter" where that employee holds more than one position at the time of his or her compensable injury. That being said, "two executive officers of a corporation who at all times during the period involved between them own all of the issued and outstanding stock of the corporation and hold all

such offices" may elect to be excluded from the corporation's workers' compensation insurance coverage, and an officer who does so is not an employee for purposes of the Workers' Compensation Law (Workers' Compensation Law § 54 [6] [d]; *see* Workers' Compensation Law § 2 [4]). At the time of claimant's injury, he and another individual, Paul Walsh, were Thompson's sole owners and officers. Walsh testified that he elected to be excluded from Thompson's workers' compensation coverage in 1994 and, while he did not remember if claimant did so that year, claimant had done so when Thompson was initially formed. According to documentation submitted by the workers' compensation carrier, and admitted upon claimant's stipulation, the policy in effect when claimant was injured contained an exclusion election for him. While claimant did not recall making such an election in 1994 and denied signing any document to that effect, the Board could properly find from the evidence presented that he did make such an election, thus removing himself from the definition of an "employee" and placing his work for Thompson outside of the ambit of Workers' Compensation Law § 14 (6) (*see e.g. Matter of Lashlee v Pepsi-Cola Newburgh Bottling*, 301 AD2d 879, 881 [2003]).

Claimant's remaining arguments have been reviewed and found to be without merit, although we perceive no basis upon which to impose sanctions on claimant.

Mercure, J.P., Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.