■ In the Matter of the Claim of Suzanne M. Galanos, Appellant, v Nevada Utilities et al., Respondents. Workers' Compensation Board, Respondent. [905 NYS2d 374]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed April 13, 2009, which ruled, among other things, that claimant was not a covered employee under the Workers' Compensation Law.

In December 2006, claimant was injured when she was involved in a physical altercation during the course of her employment. After her employer filed a C-2 form notifying its workers' compensation carrier of the incident and claimant's injuries, the claim was established and a weekly rate was set. The carrier subsequently requested that payments on the claim be suspended because, prior to the incident, claimant had signed a C-105.51 form opting out of workers' compensation coverage due to her status as an executive officer in the employer corporation (*see* Workers' Compensation Law § 54 [6] [d]).[1] A hearing was subsequently held during which claimant argued that she was never an officer of the corporation and the form was, in fact, filed in error. She also argued that since the carrier had been making payments on the claim, it should be estopped from disclaiming coverage. A Workers' Compensation Law Judge found in the employer's favor and the Workers' Compensation Board affirmed that decision, prompting this appeal.

Claimant admits signing the C-105.51 notice, which stated that she would not receive workers' compensation coverage due to her status as an officer in the employer corporation, and, as a result, coverage would not be provided unless and until this election was "revoked by the [employer] corporation" (Workers' Compensation Law § 54 [6] [d]). Given that claimant never sought to rescind this election prior to the incident and the employer never filed a statement revoking it, the Board's decision that claimant was not entitled to workers' compensation coverage is supported by substantial evidence (*see Matter of Sheeley v Sheeley Septic Serv.*, 69 AD3d 1246, 1247 [2010]).

Claimant also argues that she was not given an adequate opportunity to submit evidence at the hearing that the election to opt out of workers' compensation coverage was invalid because, when the altercation occurred, she was not an officer in the employer corporation. However, claimant had at least two months notice as to when the hearing would be held and, more importantly, that her status as an officer with the employer corporation at the time of the incident would be a significant issue. As such, she had ample time prior to the hearing to obtain any relevant evidence that would clarify the nature of her relationship with the corporation and present that evidence at the hearing.[2]

Finally, we agree with the Board that, on these facts, the

---

**1.** The form signed by claimant listed her as the secretary and treasurer of the employer corporation.

**2.** When first confronted with this issue, claimant initially argued that her status as an officer with the employer corporation changed during the period

doctrines of laches and estoppel have no application to this proceeding and coverage was properly denied (*see generally Matter of DiLascio v Tilden Glen Head, Inc.*, 69 AD3d 1171, 1172 [2010]; *Matter of Hopkins v Alcas Corp., Cutco Cutlery*, 63 AD3d 1342, 1343 [2009]).

Cardona, P.J., Mercure, Malone Jr. and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

of her employment. Later, she claimed that she never held an officer position in the corporation.