In the Matter of the Claim of JOYCE E. COOK, Respondent, against BUFFALO GENERAL HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— These are appeals by the Buffalo General Hospital as an employer, and its insurance carrier, from an award and decision of the Workmen's Compensation Board made November 21, 1952, and from a supplemental decision filed April 13, 1953. Compensation was awarded claimant for disablement due to

pulmonary tuberculosis, which was found to be an occupational disease. The award was made against the appellant which was found to be a special employer. Claimant was a student nurse at the Buffalo Children's Hospital and affiliated there on October 4, 1943. Later she was sent to the Buffalo General Hospital for further training, and the board has found that she was exposed to and came in contact with a known tubercular patient in that institution and contracted pulmonary tuberculosis. There is evidence to sustain this finding and the factual issue involved is not raised by appellants on this appeal. Appellants argue that the award against the Buffalo General Hospital should be disallowed inasmuch as no claim was made or filed against it within the statutory period as provided by section 28 of the Workmen's Compensation Law. The board found that the Buffalo Children's Hospital, the general employer, made advance payments of compensation within the meaning of section 28 of the Workmen's Compensation Law by furnishing gratis medical care and attention to claimant; and that such advance payments were binding on the appellant as the special employer. Appellants challenge this conclusion as a matter of law. We think it was within the power of the board to make an award either against the special or general employer, or both (*Matter of Schweitzer* v. *Thompson & Norris Co.*, 229 N. Y. 97; *Matter of De Noyer* v. *Cavanaugh*, 221 N. Y. 273). It is quite true that cases may be found where the board has held a general and special employer equally liable in compensation cases of this nature, but there is no legal requirement that it do so. This court has no power to compel a uniform or consistent rule for the board to follow irrespective of the facts of the particular case (*Matter of McSweeney* v. *Hammerlund Mfg. Co.*, 275 App. Div. 447). Award and decision affirmed, with costs against appellants in favor of the State Insurance Fund. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.