■ In the Matter of the Claim of CHARLES SPAZIANTO, Respondent, against ESTATE OF JAMES BRUNO, Deceased, Respondent, and ESTATE OF JAMES BRUNO, Deceased, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The deceased employer was a court clerk; but he also engaged in the business of renting for summer occupancy bungalows which he owned and which adjoined premises where he lived at 5304 Rockaway Beach Boulevard, Rockaway Beach. This business was conducted from the building which he used as a residence. Claimant was employed seasonally before and after the renting season as a handyman; and his duties consisted of repairs and painting in the bungalows which employer rented. In the course of this work the claimant was injured, and the main question on appeal is whether the policy of insurance issued by the appellant carrier covered this accident. Although the carrier argues that the policy was a " domestic policy " covering only domestics in household service, the policy itself does not expressly state any such limitation, and makes it clear that it covered the business activities of the employer. Although his business is at one place in the policy stated to be " court clerk " it covered business activity beyond being a court clerk, for it expressly included " All business operations * * * conducted at or from the locations defined * * * above ", i.e., 5304 Rockaway Beach Boulevard. It further expressly covered " all industrial operations upon the premises " and " operations not on the premises ". Therefore, whether the rental business of the employer is deemed to have been part of the premises adjoining the place of business stated in the policy, or to be a business operation " not on the premises " but " conducted from " the location stated, the painting work in connection with the employer's business must be deemed literally covered by the policy. The classification of covered employment under which the award has been made against the carrier by the board is " outservant ". The carrier argues that a handyman doing painting is not an " outservant " and that claimant's wages were higher than those indicated in the policy for an " outservant " and that only domestic service was intended to be covered. But if the board was able to find on the record that the " outservant " intended to be covered was one employed in the business activity, it is open to reasonable construction that a handyman doing seasonal painting and repairs on summer bungalows could have been intended to be in this classification. The carrier's witness, the agent who wrote the policy, testified that he would regard as an outservant one who, among other things, " does odd jobs around the house." The issue on this is close enough and debatable enough to allow the board to find that the painting work claimant was doing fell within the " outservant " category in this case. Whether it was so intended or not, the handyman working in care of a building is in a hazardous occupation within the Workmen's Compensation Law (§ 3, subd. 1, group 2) ; and if the work was being done in the employer's business, it is deemed covered. (Cf. *Matter of Blenner* v. *Joseph Landis, Inc.*, 277 App. Div. 489, motion for leave to appeal denied 302 N. Y. 947; *Matter of Smith* v. *White*, 3 A D 2d 869.) An erroneous statement of wages in the policy does not alone operate to defeat coverage and we think that the board was correct in holding the policy covered this accident. It was right, also, in holding on this record that the injured workman was not an " independent contractor " and that the employer waived the filing of a claim beyond the two-year period by the advance payment of compensation. Award unanimously affirmed, with costs payable equally to respondents Workmen's Compensation Board and employer. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.