■ In the Matter of the Claim of Ross Baker, Respondent, v. Burnett's Contracting Company, Inc., et al., Appellants, and Pyrofax Gas Corporation et al., Respondents. Workmen's Compensation Board, Respondent.— Appeal from a decision of the Workmen's Compensation Board holding that Burnett's Contracting Company, Inc., and its insurance carrier Maryland Casualty Company, and Pyrofax Gas Corporation, and its insurance carrier Fidelity and Casualty Company of New York, are jointly liable for the award of benefits to the claimant as general and special employers. On September 23, 1965 the claimant was injured while driving a tractor and trailer, filled with liquid propane gas, owned by Pyrofax Gas Corporation. The sole question on this appeal is the assessment of joint liability against Burnett's Contracting Company, Inc., the Pyrofax Gas Corporation having accepted the board's determination as to its liability. The question of the existence of an employment relationship in a given case is factual and thus, the board's determination, if based on substantial evidence, must be affirmed (*Matter of Worth* v. *Hubbell Lbr. Corp.,* 29 A D 2d 1025). The principal factors to be considered in determining whether the relationship of employer-employee exists between parties are right to control, method of payment, furnishing of equipment, right to discharge, and the so-called relative nature of the work test (*Matter of Bianculli* v. *Times Sq. Stores,* 34 A D 2d 696; *Matter of Grigoli* v. *Nito,* 11 A D 2d 581; *Matter of Klein* v. *Sunrise Bldg. Co.,* 7 A D 2d 805). Employment can often be established on the basis of one of these factors alone (*Matter of Worth* v. *Hubbell Lbr. Corp., supra*). The rule is well established that if there is both a general and a special employer the board can make an award against

either or both of the employers as it sees fit (*Matter of Goodman* v. *Stone & Webster Eng. Co.*, 11 A D 2d 558), and the award will not be disturbed by an appellate court upon review (*Matter of Cook* v. *Buffalo Gen. Hosp.*, 283 App. Div. 899, affd. 308 N. Y. 480). Here the board found Burnett's, by making a "profit on claimant's work and wages", became an employer. Clearly the record supports this conclusion factually and we find advanced no reason to disturb on the instant record the assessment of liability premised upon it (see *Matter of Meyer* v. *Tops Temporary Personnel*, 286 App. Div. 1048). Decision affirmed, with costs to respondents filing briefs. Herlihy, P. J., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.