■ GULF TRADING, INC., Respondent-Appellant, v NEW HAMPSHIRE INSURANCE COMPANY, Appellant, and FRANCO & SON, INC., et al., Respondents.—Order of the Supreme Court, New York County (Louis Grossman, J.), entered May 7, 1987, which granted the motion of the plaintiff Gulf Trading, Inc. (Gulf) for summary judgment on the issue of liability against the defendant New Hampshire Insurance Company (New Hampshire), dismissed said defendant's cross motion for rescission against plaintiff Gulf and denied said defendant's cross motion for summary judgment on its cross claim against defendants-respondents cross-respondents Franco & Son, Inc. (Franco) and Arnold Herzog (Herzog), unanimously reversed, on the law, without costs and without disbursements, the motion of plaintiff Gulf for summary judgment denied, plaintiff's complaint reinstated as to all defendants, the counterclaim of defendant New Hampshire for rescission reinstated and the cross claims of defendant New Hampshire against Franco and Herzog reinstated. The case is remanded for a new trial.

This is an action for breach of an insurance contract and for negligence. The first cause of action is against the defendant New Hampshire. It alleges that on or about March 9, 1984,

New Hampshire issued a policy of insurance which insured goods stored at the Technical Freight Service Warehouse in Jamaica, Queens, New York City; that on or about July 21, 1984, armed men stole goods, including photographic film, valued at approximately $868,135.26; that a demand for payment of the loss was made promptly to defendant New Hampshire; and that by a letter dated December 7, 1984, defendant New Hampshire refused to pay the claim. The second cause of action is against Franco and Herzog. It alleges that said defendants held themselves out as skilled in the business of acting as insurance broker and agent; that they represented that they had obtained insurance for the goods stored at the Technical Freight Service Warehouse; that plaintiff Gulf relied on said defendants' knowledge and experience, and that if plaintiff did not have insurance coverage for its goods, it was due to the negligence of defendants Franco and Herzog. The third cause is also against Franco and Herzog and alleges that plaintiff Gulf entered into a contract with said defendants to obtain insurance; that said defendants represented that they had obtained insurance, and that if plaintiff Gulf is not covered by insurance, said defendants have breached the contract to obtain insurance.

In its amended answer the defendant New Hampshire denied the material allegations of the complaint and, in an affirmative defense and counterclaim, alleged that plaintiff had made false and misleading statements to induce defendant New Hampshire to issue a policy of insurance and because of the misrepresentations, the policy should be rescinded. The answer of the defendants Franco and Herzog denied the material allegations of the complaint. The amended answer of defendant New Hampshire also contained a cross claim against codefendants Franco and Herzog, alleging that if defendant New Hampshire is liable to plaintiff, then said liability was due to the active negligence, misrepresentations and breach of contract of the said codefendants.

The present appeal arises from an order which granted summary judgment to the plaintiff Gulf on the issue of liability, directed an assessment as to damages and dismissed the claim of defendant New Hampshire for recession. The same order denied the cross motion of the defendant New Hampshire for summary judgment against the codefendants Franco and Herzog and dismissed the cross claims of defendant New Hampshire against said defendants.

In granting plaintiff's motion for summary judgment, the motion court concluded that defendant New Hampshire was

precluded from establishing its counterclaim for rescission because it had recognized the validity of the insurance policy between it and plaintiff by its extensive investigation of plaintiff's claim after it learned, on or about August 3, 1984, of a loss of goods belonging to plaintiff from a Bayonne, New Jersey, warehouse, a loss which had occurred prior to the insurance agreement of March 9, 1984 between plaintiff Gulf and defendant New Hampshire, and because said defendant had retained premiums after becoming aware of the Bayonne, New Jersey, loss.

In granting the plaintiff's motion for summary judgment, the motion court correctly concluded that by exercising a right granted by the policy, that is an extensive investigation of the claim, defendant New Hampshire recognized the validity of the policy itself and was estopped to deny its validity. *(Titus v Glens Falls Ins. Co.,* 81 NY 410, 418 [1880]; *Frank Corp. v Federal Ins. Co.,* 91 AD2d 31, 34 [1st Dept 1983].) Nevertheless, the alleged failure of plaintiff Gulf to reveal a prior $400,000 claim, which resulted from the disappearance of its property from a Bayonne, New Jersey, warehouse, raises an issue of counterestoppel, that is, whether plaintiff is estopped, by its own failure to disclose the prior loss, from raising the issues of defendant's delay in refusing coverage and its retention of premiums. In the case of a counterestoppel, the two estoppels "destroy each other." *(See,* 21 NY Jur, Estoppel, § 71, at 105; *Trainor v John Hancock Mut. Life Ins. Co.,* 54 NY2d 213 [1981].) Estoppel is ordinarily a question of fact for trial. *(Amrep Corp. v American Home Assur. Co.,* 81 AD2d 325 [1st Dept 1981].) Since we are unable to conclude that the doctrine of counterestoppel should be invoked as a matter of law, the case is remanded for a trial of the counterestoppel issue. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.