■ In the Matter of the Claim of REALIE DAUGHTREY, Respondent, v ENERTEX COMPUTER CONCEPTS, INC., et al., Appellants, and ERNEST GREENE, JR., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation

Board, filed November 25, 1987, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant performed domestic services at the residence of the president of Enertex Computer Concepts, Inc. She injured her back while packing boxes for the president's move to another residence and sought workers' compensation benefits. Enertex and its workers' compensation insurance carrier controverted the claim on several grounds, the primary one being that claimant was not employed by Enertex but by its president. Following a hearing, claimant was found to be an employee of Enertex and benefits were awarded. The Workers' Compensation Board affirmed and this appeal followed.

The Board's determination of an employment relationship is factual and must be affirmed if supported by substantial evidence (Matter of Ziegler v Fillmore Car Serv., 83 AD2d 692, lv denied 54 NY2d 609). The result can turn on one or a combination of several factors, including the method of payment (supra). In this case, it is undisputed that Enertex paid claimant and provided appropriate W-2 forms to claimant for some five years prior to her injury. It further appears that claimant's job responsibilities included providing domestic assistance to the company's president. Thus, there is substantial evidence for the Board's determination that claimant was an employee of Enertex. This conclusion undermines Enertex's contentions that claimant was engaged in dual employment for the company and its president and that the accident occurred while claimant was employed by the latter. That claimant began working at the president's request and was paid in cash by the president for several years before Enertex began paying her does not alter the facts as found by the Board and supported by substantial evidence. Under these facts, there was no dual employment.

We also reject the argument that the Board failed to determine whether claimant was covered under Enertex's insurance contract with its carrier. Implicit in the Board's determination is the conclusion that claimant was so covered. Workers' compensation insurance policies extend to all employees employed during the policy period (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, 1989 Pocket Part, Workers' Compensation Law § 54, at 24) and, in the absence of Enertex or its carrier coming forward with an effective exclusion for employees such as claimant, it is apparent that claimant was a covered employee.

Decision affirmed, with one bill of costs to respondents filing

briefs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.