■ In the Matter of the Claim of IAN ROSENBAUM, Respondent, v SANDE LICHTENSTEIN et al., Doing Business as FLAIR WEST REALTY COMPANY, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed October 3, 1989, which ruled that claimant was an employee of Flair West Realty Company at the time of his injury.

In July 1983, Sande Lichtenstein and Donald Schindel were the sole partners of the law firm Lichtenstein and Schindel (hereinafter the firm) and were two of the four partners in Flair West Realty Company (hereinafter Flair West), another partnership which owned adjacent property at 154 and 158 West Boston Post Road in the City of Mamaroneck, Westchester County. At that time, the law firm secured a workers' compensation insurance policy with State Farm Fire and Casualty Company (hereinafter the carrier). Shortly thereafter, Lichtenstein and Schindel hired John Weiner, a carpenter, to perform certain renovation work at 158 West Boston Post Road, the proposed location of the firm's new offices which were then located at 154 West Boston Post Road. Weiner in turn hired claimant to assist him with the construction. During the course of his employment, claimant sustained an injury to his left hand and sought workers' compensation benefits. The carrier controverted the claim and a hearing was held, after which claimant was awarded benefits. The Workers' Compensation Board affirmed, concluding that claimant was an employee of the firm, which was doing business as Flair West, and that the firm's workers' compensation policy covered claimant's employment. This appeal ensued.

There should be an affirmance. On this appeal, the firm and

the carrier contend that claimant was not employed by the firm, but by Flair West, a separate and independent entity. The record, however, does not compel acceptance of that conclusion. It is undisputed that Flair West was established for the sole purpose of ownership of 154 and 158 West Boston Post Road. With regard to the firm's interest in Flair West, Lichtenstein testified that Flair West is "part of the law firm" and that "[it] * * * is just a name used for a bank account", formed "[j]ust * * * [to collect] the rents * * * and [to pay] whatever bills [come] to the building". Schindel testified that the two other Flair West partners were merely names on the deed to the building. He also stated that he and Lichtenstein provided the architectural plans and the supplies for the renovation project. Finally, it was established that claimant was paid on various occasions by a Flair West check, prepared by the law firm's secretary and signed by Lichtenstein. In our view, the foregoing constitutes substantial evidence supporting the Board's determination that claimant was an employee of the firm and, thus, it must be sustained *(see, Matter of Valverde v New York City Dept. of Hous. Preservation & Dev.,* 154 AD2d 756, 757; *Matter of Daughtrey v Enertex Computer Concepts,* 149 AD2d 872, 873; *Matter of Schaff v Maunz Co.,* 144 AD2d 109).

Further, we reject the argument that claimant was not covered under the firm's workers' compensation policy. Workers' Compensation Law § 54 (4) provides that workers' compensation insurance contracts "shall be deemed to include all employees of the employer employed at or in connection with the business of the employer carried on, maintained, or operated at the location or locations set forth in such contract". The work performed by claimant in this case was clearly "in connection with the business" of the firm carried on at 154 West Boston Post Road, the location named in the contract. Thus, absent any evidence that employees such as claimant were excluded from coverage, claimant is entitled to benefits under the firm's policy *(see, Matter of Daughtrey v Enertex Computer Concepts, supra).*

Decision affirmed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.