■ In the Matter of the Claim of JAY L. LACHOVER, Respondent, v C&A BUILDERS, INC., et al., Respondents, and STATE INSURANCE FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [604 NYS2d 982] —White, J. Appeal from a decision of the Workers' Compensation Board, filed March 20, 1992, which held that the State Insurance Fund is estopped from denying coverage of a workers' compensation policy.

The State Insurance Fund (hereinafter State Fund) issued a workers' compensation policy to the employer that was effective from August 4, 1987 to August 4, 1988. The estimated annual premium for the policy was $1,781.66 based upon an annual payroll of $18,000. On June 20, 1988, as required, the State Fund audited the employer's payroll to ascertain what its actual payroll was for the period between August 4, 1987 and February 4, 1988. This audit purportedly showed that the payroll for this period was $44,979. The State Fund then issued a bill to the employer on June 30, 1988, for an additional premium in the amount of $4,106.49. Upon receipt of this bill, the employer requested another audit as it believed the first audit did not reflect its actual payroll. Prior to conducting another audit, the State Fund, on August 17, 1988, sent the employer a renewal bill in the amount of $2,680 based on an annual estimated payroll of $90,000 which the employer paid on October 15, 1988. On October 14, 1988, however, the State Fund sent a notice to the employer canceling the policy as of November 2, 1988, for non-payment of premiums. When claimant filed a claim for workers' compensation benefits after being injured on December 29, 1988, the State Fund raised the issues of coverage and proper cancellation in response to the claim. The Workers' Compensation Law Judge found the State Fund's cancellation of the policy to be null and void. On review the Workers' Compensation Board affirmed, finding that, despite a proper technical cancellation of the policy, the State Fund was estopped from denying coverage because its actions misled the employer into believing its payment of $2,680 would continue its insurance.

Our role in this controversy is to ascertain whether the Board's determination is supported by substantial evidence, because the question of whether estoppel applies is generally a question of fact *(see, Matter of Cerami v City of Rochester School Dist.,* 81 NY2d 705; *Gulf Trading v New Hampshire Ins. Co.,* 135 AD2d 356). State Fund's failure to advise the employer that its $2,680 payment was being applied to the balance due for the initial year's premium rather than to the premium due on the renewal policy, together with the knowl-

edge that the employer was attempting to arrange an audit to determine the proper premium due for the preceding year, provides substantial evidence for the Board's determination *(see, Matter of Skolnick v State Ins. Fund,* 97 AD2d 588). Accordingly, the decision is affirmed.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the decision is affirmed, without costs.