◼ In the Matter of the Claim of HOWARD KEMP, Respondent, v CITY OF HORNELL et al., Appellants, and STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [672 NYS2d 537] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed October 24, 1996, which ruled that Steuben County and the City of Hornell were equally liable for workers' compensation benefits paid to claimant.

Claimant, a recipient of public assistance provided by the Steuben County Department of Social Services (hereinafter the County), sustained an injury to his arm while participating in a workfare program sponsored by the County. As a participant in the program, claimant received public assistance benefits instead of wages, reimbursement for work-related expenses and a lunch allowance from the County. The injury occurred while claimant was working on a broken jackhammer at the City of Hornell's Department of Public Works garage. Claimant was found eligible to receive workers' compensation benefits as a result of his injury. Subsequently, a dispute arose between the County and the City as to who would be responsible for paying claimant's benefits. The Workers' Compensation Board ruled that the County was claimant's general employer and the City was his special employer, and that liability for the claim would be apportioned equally between them. This appeal by the City and its workers' compensation carrier ensued.

We affirm. It is beyond cavil that a worker "who is in the general employ of one party may be in the special employ of another even where the former is responsible for the employee's

salary and other employee benefits and has the power to hire and fire" (*Matter of Johnson v New York City Health & Hosps. Corp.*, 214 AD2d 895, 896, *lv denied* 86 NY2d 707). Additionally, "if there is both a general and a special employer the board can make an award against either or *both* of the employers as it sees fit" (*Matter of Baker v Burnett's Contr. Co.*, 40 AD2d 741, 741-742 [emphasis supplied]). "The appellate courts have no power 'to compel a uniform or consistent rule for the board to follow irrespective of the facts of a particular case'" (*Matter of Goodman v Stone & Webster Eng'g Corp.*, 11 AD2d 558, 559, quoting *Matter of Cook v Buffalo Gen. Hosp.*, 283 App Div 899, 900, *affd* 308 NY 480).

While the City correctly notes the similarities between the instant case and *Matter of Quick v Steuben County Self-Ins. Plan* (242 AD2d 833), wherein the Board concluded that the County was solely liable for the workfare participant's benefits, there is nevertheless sufficient evidence in the record to support the division of liability in this case. Here, under the arrangement between the County and the City, candidates for workfare jobs were selected by the City from a pool of workfare participants established by the County. Significantly, as claimant had the skills and experience of a mechanic, he was selected and assigned by the City to work as a mechanic at the City's Public Works garage under the supervision of the head mechanic. Besides controlling claimant's day-to-day activities, the City chose and completely controlled the worksite, determined claimant's work assignments and provided him with tools and materials. Further, jointly with the County, the City retained the right to terminate the employment of any workfare participant.

We reject the City's assertion that the County, in a 1987 letter, acknowledged its role as the employer of all workfare workers, as that letter specifically excluded "co-employment situations". Even if the County had agreed to provide workers' compensation coverage for workfare participants, a different result should not be required (*see, Matter of Pizzatola v Ulster County Dept. of Social Servs.*, 156 AD2d 873, 874).

Given the circumstances of this case, which can be distinguished from the situation in *Matter of Quick* (*supra*) (*see, Matter of Hughes v Steuben County Self-Ins. Plan*, 248 AD2d 757), we conclude that there is substantial evidence to support the Board's determination.

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.