■ In the Matter of the Claim of ANDREW CACCIATORE, Appellant, v AJ HUNTER CONSTRUCTION COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [776 NYS2d 640]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed December 12, 2002, which ruled that the insurance policy issued by United States Liability Insurance Company did not cover claimant's injury.

Claimant is part owner and president of AJ Hunter Construction Company whose primary business is cabinet installation and sales. He is also part owner and president of Hunter Home

Construction Corporation, which was formed for the purpose of owning and developing residential property in the Town of East Hampton, Suffolk County. On July 3, 2000, claimant was at the site of a new home under construction at 8 Cowhill Lane in the Town of East Hampton, Suffolk County, which was owned by Hunter Home. While claimant was operating a backhoe, he was injured when he was struck by a tree. He filed a claim for workers' compensation benefits under the policy maintained by AJ Hunter, which was controverted. Following various hearings, a Workers' Compensation Law Judge disallowed the claim, concluding that claimant was acting as an employee of Hunter Home, not AJ Hunter, at the time of the accident. The Workers' Compensation Board upheld this decision, but further found that claimant was not an employee of either corporation. Claimant now appeals.

We affirm. Although claimant was specifically named in the application for insurance submitted by AJ Hunter, at the time of the accident he was not performing duties that were at all related to the nature of the business described therein, namely kitchen cabinet sales and installation. He testified that when he applied for the insurance, he represented that AJ Hunter was engaged in selling, designing and installing cabinets, and did not request coverage for its activities as a general contractor. We note that there is some dispute as to whether AJ Hunter was retained to act as the general contractor at the site where claimant was injured. Regardless, given that claimant's operation of the backhoe was completely unrelated to the business of cabinet installation and sales, substantial evidence supports the Board's finding that the claim was not covered (*see Matter of Ayers v Hakes*, 260 AD2d 975, 976 [1999]; *compare Matter of Spazianto v Bruno*, 7 AD2d 671 [1958], *lv denied* 5 NY2d 711 [1959]; *Matter of Blenner v Joseph Landis, Inc.*, 277 App Div 489 [1950], *lv denied* 302 NY 947 [1950]). We have considered claimant's other contentions and find them to be without merit.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.