■ In the Matter of the Claim of Luis Arteaga, Respondent, v ISS Quality Service et al., Appellants, and Contemporary Graphics Group et al., Respondents. Workers' Compensation Board, Respondent. [789 NYS2d 748]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 27, 2002, which ruled, inter alia, that an employer-employee relationship existed between claimant and ISS Quality Service.

While employed as a maintenance worker hired to replace striking employees of ISS Quality Service, claimant was assaulted by said employees and sustained injuries. Although ISS's workers' compensation carrier initially accepted the claim, a coverage dispute thereafter arose as to whether claimant was the employee of ISS or Contemporary Graphics Group (hereinafter CGG), a temporary staffing agency with whom ISS had contracted to hire claimant and other replacement workers for the duration of the strike. Following a hearing, the Workers' Compensation Law Judge found that claimant was solely employed by CGG and discharged ISS from liability for the claim. The Workers' Compensation Board modified this determination, concluding that claimant was the general employee of CGG and the special employee of ISS and apportioned liability for claimant's benefits award equally between both parties. ISS and its carrier (hereinafter collectively referred to as the carrier) appeal.

The carrier's principal contention on appeal is that the Board's designation of claimant as ISS's special employee was irrational. We disagree. It is well settled that the Board's categorization of a claimant as a special employee is dependent upon many factors, including consideration of the right to hire and discharge, control over the details of the work performed and the method of payment (see Matter of Thompson v Grumman Aerospace Corp., 78 NY2d 553, 558 [1991]; Matter of Quick v Steuben County Self-Ins. Plan, 242 AD2d 833, 833-834 [1997], lv dismissed 91 NY2d 866 [1997]). A factual determination of special employment made by the Board will be upheld if substantial evidence is found in the record to support it (see Matter of Rosato v Thunderbird Constr. Co., 299 AD2d 670, 671-672 [2002], lv dismissed 100 NY2d 615 [2003], lv denied 1 NY3d 509 [2004]; Matter of Shoemaker v Manpower, Inc., 223 AD2d 787, 787-788 [1996], lv dismissed 88 NY2d 874 [1996]).

Here, the Board noted that, although both ISS and CGG had been aware for at least four years that the contract between them would give rise to a special employment issue, neither made a significant effort to clarify the matter. After considering the scant evidence introduced, including testimony that claimant had received direction from ISS supervisors, who were not on strike, and additional, nondispositive evidence that CGG was responsible for paying claimant and had the right to fire him, the Board concluded that neither employer had proffered evidence sufficient to negate a division of liability. Under these circumstances and mindful of our long-standing rule that "if there is both a general and a special employer the [B]oard can make an award against either or both of the employers as it sees fit" (*Matter of Baker v Burnett's Contr. Co.*, 40 AD2d 741, 741-742 [1972]; *accord Matter of Kemp v City of Hornell*, 250 AD2d 950, 951 [1998]), we discern no basis for disturbing the Board's decision. The carrier's remaining argument has been reviewed and rejected as meritless.

Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.