■ In the Matter of the Claim of CHARLES THOMSON, Claimant, v BRUTE SPRING & EQUIPMENT, INC., et al., Appellants. NEW YORK CENTRAL FIRE INSURANCE COMPANY, Respondent; WORKERS' COMPENSATION BOARD, Respondent. [789 NYS2d 753]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 5, 2003, which ruled that the workers' compensation insurance policy issued by One Beacon Insurance covered claimant's injury.

Claimant, an employee of Brute Spring & Equipment, Inc., filed a claim for workers' compensation benefits after sustaining injuries to his shoulder and kidney while trimming trees at the residence of Howard Besecker, Brute Spring's president and owner. Besecker's homeowner's insurance company disclaimed coverage on the ground that claimant's injury occurred while he was performing work related to Besecker's business. After a hearing, the Workers' Compensation Law Judge found that the homeowner's insurance company, not Brute Spring's workers' compensation carrier (hereinafter the carrier), was responsible for covering claimant's injuries. The Workers' Compensation Board reversed, determining that the carrier was liable. Brute Spring and the carrier appeal.

We reverse. In our view, the Board's decision, which found that claimant's injury occurred in the course of his employment with Brute Spring primarily based on the testimony of claimant and Besecker that they believed the weekend yard work performed at Besecker's home was "part and parcel" of his weekday job at the Brute Spring plant, lacks the requisite substantial evidence. There is no dispute that the stated business of Brute Spring, which conducts its operations at a location separate and distinct from Besecker's residence, is to manufacture and repair springs for cars and trucks; it is not in the business of performing landscaping services, including the type in which claimant was engaged when he was injured at Besecker's

home. Moreover, there is nothing in the carrier's policy in effect at the time of claimant's injury that addresses the nature of the work which claimant was performing or purports to cover the location at which he performed it (see Workers' Compensation Law § 54 [4]). Finally, it is abundantly clear that claimant was injured while providing a service that exclusively benefitted Besecker, not Brute Spring.

The facts that claimant performed occasional yard work at the Brute Spring plant and was paid for his work at Besecker's home by check drawn on a Brute Spring account are insufficient to sustain the Board's finding that the carrier was liable for the claim. Based on the foregoing, we find that the work that claimant was performing for Besecker's personal benefit at his private residence was not sufficiently related to his work at Brute Spring to fall within the scope of the carrier's policy (see Matter of Cacciatore v AJ Hunter Constr. Co., 7 AD3d 900 [2004], appeal dismissed, lv denied 3 NY3d 735 [2004]; Matter of Ayers v Hakes, 260 AD2d 975, 976 [1999]; compare Matter of Daughtrey v Enertex Computer Concepts, 149 AD2d 872 [1989]). Accordingly, reversal of the Board's decision is required.

Cardona, P.J., Crew III, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.