■ In the Matter of the Claim of ALFRED HASBROUCK, Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant, and ROBERT PLOSS, Doing Business as COLONIAL CITY MOVING & STORAGE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 685]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed February 3, 2006, which ruled, inter alia, that an employer-employee relationship existed between claimant and International Business Machines Corporation.

Robert Ploss is the owner of Colonial City Moving & Storage, a company that contracted with International Business Machines Corporation (hereinafter IBM) in approximately 1990 to, among other things, provide labor and services necessary for the transportation and packing of certain IBM equipment, which included cables that were up to 400 feet long. Hired and paid by Ploss as of 1985, claimant worked exclusively at IBM facilities for at least the 15 years immediately preceding surgery on his hand in 2005, which was needed to alleviate pain from bilateral carpal tunnel syndrome caused by the repetitive movement associated with moving and pulling such cables. Claimant submitted a claim for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge determined that claimant's injury was work related and that he was a special employee of IBM which, through its workers' compensation carrier, was liable for claimant's workers' compensation benefits and that, although claimant was also an employee of Colonial, that company was uninsured in violation of Workers' Compensation Law § 50. Those determinations were affirmed by the Workers' Compensation Board, prompting this appeal by IBM, which asserts that its designation as claimant's special employer was improper.

We disagree and affirm. Relevant factors in determining the existence of a special employment relationship include, among other things, whether the special employer had assumed—and the general employer had surrendered—control of the employee, the key determination being which employer "directs the manner, details and ultimate result of the employee's work" (*Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 788 [1996], *lv dismissed* 88 NY2d 874 [1996]; *see Matter of Mehar v Skyline Credit Ride*, 301 AD2d 808, 809 [2003]). Such a factual determination by the Board will be affirmed if it is supported by

substantial evidence in the record (*see Matter of Arteaga v ISS Quality Serv.*, 14 AD3d 951, 952 [2005]). Claimant, for at least 15 years, was assigned work on a daily basis by an IBM coordinator who, in addition to scheduling and monitoring his tasks, set his hours, approved his requests for days off or vacations and, because Ploss was regularly unavailable, determined where—among the many IBM facilities in New York State—claimant should show up to fulfill his responsibilities. Moreover, an employee for IBM conceded that all of the work that claimant performed was "in furtherance of the business of IBM." Inasmuch as such evidence amply supports the Board's decision, we decline to disturb it.

Mercure, J.P., Peters and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.