■ In the Matter of JUAN CABRERA, Respondent, v TWO-THREE-NOUGHT-FOUR ASSOCIATES, Appellant, and STATE INSURANCE FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [848 NYS2d 748]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 23, 2006, which ruled, among other things, that a general employment relationship existed between claimant and Two-Three-Nought-Four Associates.

Claimant sustained a back injury and an umbilical hernia in September 1994 while performing his job as superintendent of a building located at 2304 Sedgewick Avenue in the Bronx (hereinafter the building); he filed a claim for workers' compensation benefits the following year. In a decision dated September 2000, a Workers' Compensation Law Judge (hereinafter the WCLJ) determined—after a hearing—that claimant had been permanently partially disabled as a result of his work-related injury

and established his average weekly wage. The WCLJ also determined that the building owner, Two-Three-Nought-Four Associates (hereinafter 2304 Associates), as claimant's employer, was fully liable for the award and fined 2304 Associates for its failure to maintain workers' compensation insurance.

2304 Associates thereafter applied for full Workers' Compensation Board review. The Board issued a lengthy panel decision in April 2002 which, given the conflicting and incomplete evidence in the record, determined that additional evidence was necessary with regard to the issues of employer-employee relationships and general-special employment, requiring the parties to provide testimony and other relevant documentary evidence.

Over the next two years, hearings were conducted which included the testimony of, among others, claimant and Alfred Groner, who was the principal of Metropolitan Assets, Inc. (the general partner of 2304 Associates, a limited partnership). Also testifying were Victor Owen, who had formed the corporation—Property Management Group (hereinafter PMG)—hired by Groner to manage the building, and Jose Vargas, the PMG supervisor over claimant.

At the close of proof, the WCLJ issued a decision finding that, on the date of claimant's accident, PMG was claimant's general employer and 2304 Associates was his special employer and that, "based upon the overwhelming benefit to the special employer's [i.e., 2304 Associates'] property resulting from the claimant's employment," 100% of the liability should be placed upon 2304 Associates. Due to 2304 Associates' failure to procure workers' compensation insurance in violation of Workers' Compensation Law §§ 50 and 26-a, the WCLJ assessed penalties and directed 2304 Associates to pay all of claimant's medical bills and previously-rendered awards.

2304 Associates filed applications for full Board review of the decision. In its February 2006 decision, the Board denied 2304 Associates' request to reconsider the "accident, notice and causal relationship" issues, and found that 2304 Associates was claimant's general employer while PMG was the special employer, modifying the WCLJ decision to that extent. Otherwise the Board confirmed the determination that full liability rested with 2304 Associates based upon its overwhelming control over and benefit from the premises where claimant's accident occurred. 2304 Associates now appeals.

The principal contention raised by 2304 Associates on appeal is that the Board erred in finding that it was claimant's general employer—or that it had any employment relationship with

him—and in holding it fully liable for his claim. We disagree. The Board's categorization of a claimant as a general employee of one entity and a special employee of another is ordinarily a factual determination which will be upheld if the record contains substantial evidence to support it (*see Matter of Arteaga v ISS Quality Serv.*, 14 AD3d 951, 952 [2005]; *see also Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557-559 [1991]; *Matter of Hasbrouck v International Bus. Machs. Corp.*, 38 AD3d 1146, 1147-1148 [2007]). This determination involves consideration of myriad factors, "and generally no one [factor] is decisive" (*Thompson v Grumman Aerospace Corp.*, 78 NY2d at 558). The Board's finding that claimant's general employer was 2304 Associates was based upon documentary evidence and testimony—including that of Owen (PMG's principal), which the Board credited. We find full record support for the Board's conclusion that "all substantive decisions regarding management and control of the property at 2304 Sedgewick Avenue, including decisions regarding the superintendent of this building [i.e., claimant], were made exclusively by Alfred Groner through the entity 2304 Associates." Owen testified that PMG managed approximately 20 to 30 buildings owned by 2304 Associates, collecting rents and paying bills for the owner; by agreement between Groner and PMG, the responsibility for obtaining workers' compensation coverage for nonoffice, nonadministrative workers in those buildings—such as superintendents—always remained with 2304 Associates, as the building owner. Groner hired and fired building superintendents in buildings owned by 2304 Associates and set their wages and hours, which were paid by PMG acting as agent of 2304 Associates, out of building rents collected by PMG; 2304 Associates issued employee tax documents and was listed as the employer on claimant's W-2 tax forms in 1994 and 1995. Vargas, PMG's supervisor at the time, testified to overseeing claimant's maintenance and repair work on a regular basis, and that both he and claimant took direction from Groner.

While Groner and claimant, in part, testified at variance with the foregoing, "[t]he Board is vested with the discretion to weigh conflicting evidence and evaluate the credibility of witnesses, and its resolution of such matters must be accorded great deference" (*Matter of Papadakis v Volmar Constr., Inc.*, 17 AD3d 874, 875 [2005] [citation omitted]). Since substantial evidence supports the Board's conclusion—which turned largely on credibility assessments—that 2304 Associates was claimant's general employer and that PMG "only provided administrative services" to 2304 Associates, we confirm, notwithstanding that the record might also support a different finding (*see Matter of Ribar v County of Suffolk*, 125 AD2d 801, 802 [1986]).

Further, the Board rationally imposed 100% of the liability for this claim upon 2304 Associates, based upon the employer's "overwhelming control" over the building as owner and the "overwhelming benefit" to it from claimant's employment. Notably, "if there is both a general and a special employer the [B]oard can make an award against either or both of the employers as it sees fit" (*Matter of Arteaga v ISS Quality Serv.*, 14 AD3d at 953, quoting *Matter of Baker v Burnett's Contr. Co.*, 40 AD2d 741, 741-742 [1972]; *see Matter of Kemp v City of Hornell*, 250 AD2d 950, 951 [1998]). On the facts of this case, we discern no grounds upon which to disturb that apportionment determination (*see Matter of Cook v Buffalo Gen. Hosp.*, 308 NY 480 [1955], *affg* 283 App Div 899 [1954]; *Matter of Baker v Burnett's Contr. Co.*, 40 AD2d at 741-742).

Finally, contrary to 2304 Associates' appellate claims, the Board correctly determined that neither 2304 Associates nor the building was covered under the workers' compensation policies issued by the State Insurance Fund to Metropolitan Assets (the general partner of 2304 Associates, of which Groner was the principal) or to PMG. At the June 2004 hearing devoted to this issue, the State Insurance Fund's underwriter testified that Metropolitan's 1988 workers' compensation policy covered, in addition to Metropolitan, only specified limited partners and properties at specific addresses; 2304 Associates and this building were not among them. PMG's workers' compensation policy covered only its clerical staff and executive officers, as Owen testified later, consistent with the agreement between PMG and Groner for 2304 Associates to procure such coverage for its building and employees. Mindful that the Board's conclusions regarding the scope of coverage of workers' compensation policies will not be disturbed where they are supported by substantial evidence (*see Matter of Cacciatore v AJ Hunter Constr. Co.*, 7 AD3d 900, 901 [2004], *appeal dismissed and lv denied* 3 NY3d 735 [2004]; *Matter of Ayers v Hakes*, 260 AD2d 975, 976 [1999]), we uphold the Board's finding of noncoverage as supported by the documentary evidence and testimony credited by the Board.

The remaining contentions, which do not require further discussion, lack merit.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.