■ In the Matter of the Claim of Feliz Amado Jara, Claimant, v SMJ Environmental, Inc., et al., Appellants, and Safeco Insurance Company et al., Respondents. Workers' Compensation Board, Respondent. [866 NYS2d 404]—

Malone Jr., J. Appeals from two decisions of the Workers' Compensation Board, filed July 20, 2005 and August 30, 2006, which, among other things, ruled that an employer-employee relationship existed between claimant and SMJ Environmental, Inc.

In January 2000, SMJ Environmental, Inc. and PEO Services, Inc. entered into a contract whereby SMJ leased laborers from PEO to perform asbestos removal at various construction sites. Pursuant to the contract, PEO was responsible for administering SMJ's payroll and procuring workers' compensation insurance to cover the leased laborers, among other things. However, in July 2000, PEO informed SMJ that it could no longer provide SMJ with workers' compensation coverage. As a result, SMJ obtained a policy from Frontier Insurance Company.

Claimant, a leased laborer, was injured in December 2000 while removing asbestos and he submitted a claim for workers' compensation benefits to SMJ. After numerous hearings on the claim, a Workers' Compensation Law Judge determined, in two decisions, that SMJ was claimant's sole employer and that

Clarendon National Insurance, as the reinsurer of Frontier, was liable for the payment of benefits as SMJ's workers' compensation carrier. The Workers' Compensation Board affirmed those determinations and SMJ and Clarendon now appeal.

The existence of an employment relationship is a factual question for the Board to resolve and its determination will not be disturbed if it is supported by substantial evidence (*see Matter of Sang Hwan Park v Lee*, 53 AD3d 936, 937-938 [2008]). In making such determination, the Board is not bound by any single factor, "including a contractual provision purporting to establish the existence of an employer-employee relationship" (*Matter of Pilku v 24535 Owners Corp.*, 19 AD3d 722, 723 [2005]; *see Matter of Fisher v KJ Transp.*, 27 AD3d 934, 935 [2006]; *see also Matter of Cabrera v Two-Three-Nought-Four Assoc.*, 46 AD3d 1255, 1257 [2007]; *Matter of Hasbrouck v International Bus. Machs. Corp.*, 38 AD3d 1146, 1147 [2007]). Here, not only did SMJ concede that it employed claimant, the record establishes that, among other things, SMJ hired claimant, retained the right to control and direct claimant's work, furnished him with all the equipment necessary to perform his job, was identified as the payor on claimant's paychecks, and retained the right to terminate his employment. Notwithstanding the evidence in the record that could support a contrary conclusion, including the terms of the contract between PEO and SMJ, the foregoing provides substantial evidence to support the Board's determination that SMJ was claimant's employer (*see Matter of LaCelle v New York Conference of Seventh-Day Adventists*, 235 AD2d 694, 694 [1997], *lv dismissed* 89 NY2d 1085 [1997], *lv denied* 96 NY2d 713 [2001]; *see also Matter of Cabrera v Two-Three-Nought-Four Assoc.*, 46 AD3d at 1257).

Further, although Clarendon and SMJ argue that they intended SMJ's workers' compensation policy to cover only four specific employees, the policy issued by Frontier specifically excluded only SMJ's president from coverage. Absent any evidence of a specific exclusion as to any other employee, the Board's determination that the policy issued by Frontier covered all of SMJ's remaining employees, including claimant, is supported by substantial evidence (*see* Workers' Compensation Law § 54 [4]; *Matter of Rosenbaum v Lichtenstein*, 168 AD2d 873, 874 [1990]; *Matter of Daughtrey v Enertex Computer Concepts*, 149 AD2d 872, 873 [1989]).

The remaining contentions of Clarendon and SMJ have been considered and determined to be without merit.

Mercure, J.P., Spain, Carpinello and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.