■ In the Matter of the Claim of Edgar Ruano Perez, Appellant, v Luis Licea, Respondent, and 2180 Realty Corporation et al., Respondents, and Rochdale Insurance Company, Appellant. Workers' Compensation Board, Respondent. [903 NYS2d 606]—

Egan Jr., J. Appeals (1) from a decision of the Workers' Compensation Board, filed April 6, 2009, which, among other things, ruled that an employer-employee relationship existed

between claimant and 2180 Realty Corporation, and (2) from a decision of said Board, filed October 16, 2009, which denied claimant's request for reconsideration or full Board review.

Joseph Edelman is the owner and sole officer of 2180 Realty Corporation, which, in turn, owns an apartment building located at 2180 Holland Avenue in the Bronx. In August 2006, Edelman asked Luis Licea to perform maintenance work on an apartment in the building. Licea requested that claimant assist him and claimant sustained injuries in an explosion that occurred while the work was being performed. After claimant applied for workers' compensation benefits, hearings were held to determine whether claimant was an employee of Licea or 2180 Realty. A Workers' Compensation Law Judge ruled that Licea was the general employer liable for 75% of claimant's workers' compensation award and that 2180 Realty, as claimant's special employer, was liable for the remaining 25%. Both claimant and Rochdale Insurance Company—2180 Realty's workers' compensation carrier—sought review of that decision, arguing that the Workers' Compensation Law Judge erred in finding that a special employment relationship existed between claimant and 2180 Realty. The Workers' Compensation Board upheld the determination and likewise denied both parties' requests for full Board review or reconsideration. These appeals ensued.[1]

The Board's factual determination that a general employee of one employer is a special employee of another must be upheld if it is supported by substantial evidence (see *Matter of Victor v Steel Style, Inc.*, 56 AD3d 1099, 1099 [2008]). Factors indicative of a special employment relationship include the furnishing of equipment, the method of payment, the relative nature of the work, the right to discharge and the right to control (see *Matter of Shoemaker v Manpower, Inc.*, 223 AD2d 787, 787-788 [1996], *lv dismissed* 88 NY2d 874 [1996]). While no single factor is dispositive, "it has been held that the key to the determination is who controls and directs the manner, details and ultimate result of the employee's work" (*id.* at 788).

Here, Licea testified that Edelman specifically instructed him to employ additional workers—and claimant in particular—on the project because it required a great deal of work and needed to be finished quickly. In that regard, while work in the apart-

---

**1.** Although claimant and Rochdale have each appealed from the Board's underlying decision, only claimant has appealed from the Board's denial of his request for full Board review or reconsideration; however, claimant's appeal from that denial is deemed abandoned as he did not raise any issues with respect thereto in his brief on appeal (see *Matter of Church v Arrow Elec., Inc.*, 69 AD3d 983, 984 n 3 [2010]).

ment was originally completed by the end of September 2007, Edelman stated that "his office" directed that Licea return to the apartment the next month and refinish the floors because a prospective tenant was unhappy with the way they looked. Claimant, Licea and a third worker were doing so when the explosion occurred. Hours later, Edelman informed investigators from the fire department that Licea was his maintenance worker and that Licea had "hired the two men who had been injured in the fire." Notably, however, Licea testified that he did not consider himself to be the "boss" of the two other workers and that payment received for the job was to be split evenly amongst the three of them.[2]

Moreover, Licea informed the fire department officials that he did not have a contractor's license and that work in the apartment was being performed under Edelman's license. In addition to admitting that he had such a license, Edelman testified that he supplied all of the work materials to be used in the apartment and directed that only those specific materials be employed. Inasmuch as the foregoing amply supports the Board's decision, we find no basis upon which to disturb it (see *Matter of Hasbrouck v International Bus. Machs. Corp.*, 38 AD3d 1146, 1147-1148 [2007]; *Matter of Arteaga v ISS Quality Serv.*, 14 AD3d 951, 953 [2005]). To the extent that evidence in the record might support a different result, we note only that "the Board was entitled to resolve the conflicting evidence based upon its assessment of the witnesses' credibility and the reasonable inferences drawn therefrom" (*Matter of Topper v Cohen's Bakery*, 295 AD2d 872, 873 [2002]; *accord Matter of Victor v Steel Style, Inc.*, 56 AD3d at 1101). Rochdale's remaining argument has been reviewed and determined to be without merit.

Rose, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.

 ---

**2.** Although Edelman paid Licea directly and Licea then paid the two workers, Licea testified that such an arrangement was necessary because neither of the two workers had provided him with necessary payroll information. According to Licea, Edelman requested the workers' payroll information during their initial discussion about the job.