■ In the Matter of the Claim of BEN JOHNSON, Claimant, v VIA TAXI, INC., Appellant, and STATE INSURANCE FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 163]—

Egan Jr., J. Appeals (1) from a decision of the Workers' Compensation Board, filed May 29, 2008, which, among other things, ruled that the employer did not have workers' compensation insurance coverage on the date of claimant's accident, and (2) from a decision of said Board, filed October 6, 2009, which ruled that the uninsured employer was subject to penalties pursuant to Workers' Compensation Law § 26-a.

Claimant applied for workers' compensation benefits arising out of an injury he sustained while working for the employer on

March 31, 2007. The State Insurance Fund (hereinafter SIF) disputed that the employer was entitled to coverage on that date because—on the basis of Workers' Compensation Law § 93—it had denied the employer's application for workers' compensation insurance two months earlier. Following hearings on the issue, a workers' compensation law judge concluded that SIF had improperly denied the employer's application and was liable for the claim. Upon review, in a decision filed May 29, 2008, the Workers' Compensation Board reversed, ruling that the employer did not have coverage on the date of claimant's accident. In a subsequent decision, filed on October 6, 2009, the Board assessed penalties on the employer pursuant to Workers' Compensation Law § 26-a. The employer appeals both decisions.

We affirm. Workers' Compensation Law § 93 (c) authorizes SIF to refuse to insure any employer whose previous coverage by SIF was canceled due to nonpayment of a premium, until the outstanding balance on the premium is paid. Here, the employer's original policy with SIF was canceled in July 2003 based on unpaid premiums. The employer still had an outstanding balance when it reapplied for coverage in December 2006 and, in a letter dated January 16, 2007, SIF informed the employer that it could not issue a new policy. Notably, the letter also informed the employer that it would have to submit a new application for coverage once its debt was satisfied. While the employer's account was credited in the full amount of the outstanding balance in early March 2007, the employer did not submit a new application until May 11, 2007, and the resultant policy incepted on that date. Accordingly, substantial evidence supports the Board's determination that the employer lacked coverage on March 31, 2007 and we decline to disturb it (see Matter of Cabrera v Two-Three-Nought-Four Assoc., 46 AD3d 1255, 1258 [2007]).

We likewise disagree with the employer's assertion that the doctrine of estoppel applies in this case. Indeed, the employer acknowledged receiving invoices from SIF in 2003 that it failed to pay* and admitted its awareness of SIF's refusal to provide coverage in January 2007. Thus, the employer cannot be said to

---

* In 2005, SIF commenced an action in Supreme Court seeking a judgment against the employer in the amount of unpaid premiums for the period between April 25, 2003 and July 2, 2003. In April 2007, the parties entered into a stipulation of discontinuance in that action based on a hold harmless agreement—specific to any workers' compensation claim involving the employer between those two dates—proffered to SIF by Transportation Industry Workers' Compensation Trust, which had issued a policy to the employer effective April 25, 2003. The issuance of the hold harmless agreement—dated January 25, 2007—prompted SIF to negate the employer's outstanding balance; however,

have lacked knowledge of the real facts or reasonably believed that it was covered on the date of claimant's accident (*see generally Matter of DiLascio v Tilden Glen Head, Inc.*, 69 AD3d 1171, 1172 [2010]; *Matter of Estes v Metropolitan Warehouse, Inc.*, 50 AD3d 1341, 1343 [2008]; *Matter of Lachover v C&A Bldrs.*, 199 AD2d 658, 658 [1993]). Finally, as the employer was properly found in violation of Workers' Compensation Law § 50, the Board did not err in imposing penalties pursuant to Workers' Compensation Law § 26-a (*see* Workers' Compensation Law § 26-a [1] [a]; [2] [b]; *see generally Matter of Cabrera v Two-Three-Nought-Four Assoc.*, 46 AD3d at 1256-1258).

The employer's remaining arguments, to the extent not specifically addressed herein, have been reviewed and determined to be without merit.

Peters, J.P., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the decisions are affirmed, without costs.

---

the record is clear that the employer did not initially inform SIF that it had changed carriers and that the policy issued by SIF remained in effect until July 2, 2003.