Spain, J.
Appeal from a decision of the Workers’ Compensation Board, filed May 23, 2012, which ruled that claimant sustained a' compensable injury and awarded workers’ compensation benefits.
Claimant was employed as a maintenance worker by Joseph G. Bucci, who did business as Bucci Real Estate, and worked at eight or nine different properties owned by Bucci, including his real estate office and his personal residence situated on a horse farm, as well as property he owned in Florida. As part of his compensation, claimant lived at a residence also located on the horse farm that included utilities, and he was provided with a truck and a gas card. In July 2010, claimant was operating a front-end loader at the horse farm property after an outside contractor had repaired a leaking water line. He was dumping a heavy load of clay into a ravine when he came too close to the edge and was ejected from the vehicle, sustaining injuries to his head, back and ribs. He subsequently filed a claim for workers’ compensation benefits. The workers’ compensation carrier for Bucci Real Estate controverted the claim on the ground, among others, that claimant was not an employee of Bucci Real Estate and was not covered by the policy. Following extended proceedings, a Workers’ Compensation Law Judge issued a reserved decision ruling that the claim should be established for accidental injuries to claimant’s head, back and ribs, and that claimant was an employee of Bucci Real Estate at the time of the accident, which triggered the carrier’s liability under the policy. The carrier, in turn, submitted an application and a supplemental application for full Workers’ Compensation Board review. A panel of the Board upheld the decision of the Workers’ Compensation Law Judge, and this appeal by the carrier ensued.
The carrier contends, among other things, that claimant was not covered by the policy because he was not an employee of Bucci Real Estate at the time of the accident but, rather, was working for Bucci individually and/or for Bucci Competition Horses. As a preliminary matter, we note that the existence of an employment relationship is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Brzezinski v Gambino, 100 AD3d 1192, 1192 [2012]; Matter of Jara v SMJ Envtl., Inc., 55 AD3d 1157, 1158 [2008]). Here, claimant testified that he worked as a maintenance worker for Bucci Real Estate for approximately three years, he took care of the grounds of many of the properties owned by Bucci, including *1308 the horse farm where he resided, and at the time of the accident he was performing duties of maintaining the horse farm property by cleaning up after the repair of the water line. Bucci, whose testimony was consistent with that of claimant, further stated that as an employee of Bucci Real Estate, claimant was covered by the workers’ compensation policy that had been issued to it at the time of the accident. Significantly, no evidence was presented that claimant was working for Bucci individually or for Bucci Competition Horses during the relevant time period.
In support of its argument, the carrier points to the fact that the workers’ compensation application completed on behalf of Bucci Real Estate disclosed that it employed one clerical office employee and that no changes or additions were thereafter made to accurately reflect claimant’s position. The insurance agent who wrote the policy testified that this referred to a female employee who had worked for Bucci Real Estate in a clerical capacity and the policy was never changed by Bucci to include a maintenance worker job classification. Bucci, however, testified that he informed the agent of the change when this female employee left and claimant came to work, and the agent even acknowledged that he was aware that claimant worked for Bucci Real Estate maintaining various properties over the years. The conflicting testimony presented a credibility issue for the Board to resolve (see Matter of Brzezinski v Gambino, 100 AD3d at 1192-1193; Matter of Conyers v Van Rensselaer Manor, 80 AD3d 914, 914 [2011]), and it reasonably concluded that the misclassification was not a basis for relieving the carrier from providing coverage. In view of the foregoing, substantial evidence supports the Board’s conclusion that claimant was an employee of Bucci Real Estate and, absent a policy exclusion, that claimant was covered by the policy (see Matter of Rosenbaum v Lichtenstein, 168 AD2d 873, 874 [1990]; Matter of Daughtrey v Enertex Computer Concepts, 149 AD2d 872, 873 [1989]).
The carrier also seeks to disclaim coverage based upon Workers’ Compensation Law § 54 (4), pursuant to which “all employees of an employer are deemed covered by the employer’s workers’ compensation policy . . . where the employer has secured a policy of insurance coverage” (Baljit v Suzy’s Dept. Store, 211 AD2d 555, 555 [1995]). The carrier claims that, at the time of the accident, claimant was not performing work-related activities at a location that was either connected or incidental to the business of Bucci Real Estate and, therefore, there was no coverage for the farm location under the policy. The cases it relies upon in support of this proposition, however, are inapposite *1309 inasmuch as they all involve insurance policies containing explicit provisions limiting coverage to certain locations and specifically excluding locations not disclosed (compare Matter of Di Bari v Reilly, 299 NY 220, 224-225 [1949]; Matter of Davis v Block & Smith, Inc., 297 NY 20, 22-23 [1947]; Matter of Pettit v Reges, 242 NY 272, 274-276 [1926]). Here, the policy listed the post office box mailing address of Bucci Real Estate and one other location. Although it did not list the address of the horse farm property, it did not specifically exclude this or other locations from coverage. Moreover, given the nature of the business and that claimant’s duties extended to maintaining the grounds of many of Bucci’s properties, including the horse farm property, it is reasonable to conclude that at the time of the accident, claimant was, in fact, performing work-related activities that were connected and incidental to the business set forth in the policy — Bucci Real Estate — in accordance with the provisions of Workers’ Compensation Law § 54 (4) (see Matter of Rosenbaum v Lichtenstein, 168 AD2d at 874). We have considered the carrier’s many other contentions and find them to be unavailing.
Rose, J.P., Lahtinen and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.